LESLIE *v.* McMurtry.

Opinion delivered February 23, 1895.

*Will—Evidence—Declarations of devisor.*
  Declarations of a devisor, made after the will was executed, to
  the effect that he had made no will, are inadmissible to prove
  that the will was forged.

Appeal from Chicot Circuit Court.

CARROLL D. WOOD, Judge.

### STATEMENT BY THE COURT.

Richard J. Hunt, a resident of Chicot county, died in 1888, leaving an estate consisting of land and personal property. Subsequently, the appellee, Kate H. McMurtry, presented to the probate court of said county a certain instrument in writing purporting to be the last will and testament of said Hunt, and asked that the same be probated as such. The following is a copy of said will: "———— Ky. April 4, 1884. I make this my last will. I give and bequeath to my full sister Kate H. McMurtry all property I may own at my death. R. J. HUNT. Witness, T. J. Baldwin, Allen Parks."

Upon a trial before the probate court, it found that said instrument was not the will of said Hunt, and dismissed the petition. On an appeal to the circuit court, the case was tried *de novo* before the court sitting as a jury. After hearing the evidence, the circuit court found that said writing was the last will and testament of Richard J. Hunt, that it was in his handwriting and duly and properly executed; and ordered that the same be admitted to probate.

A motion for new trial was made and overruled, and the case brought here by appeal.

*D. H. Reynolds* for appellants.

1.   All the circumstances show the will to be a forgery.

2.   The court erred in refusing to permit contestants to show that Hunt had, in 1885, after the date of the pretended will, not made a will, but that he intended to do so; and in not permitting contestants to prove by Ford that Hunt, in 1885, and after, told him how he intended to dispose of his property. Under sec. 7421, Sand. & H. Dig., this court is not bound by the rule that the judgment below can only be reversed when there is a total want of evidence.

*John C. Connerly* for appellee.

1.   The verdict of a jury, or the finding of a judge, where the evidence is conflicting, is conclusive on appeal. 46 Ark. 524; *Ib.* 141; 51 *id.* 467; 47 *id.* 196; 45 *id.* 41.

2.   Declarations of a testator, after a will is made, to the effect that he has not made such a will are not admissible. 1 Redfield on Wills, p. 556–7, ch. 10, sec. 39; 45 Ark. 478, top page; 48 Ark. 178.

RIDDICK, J., (after stating the facts.) There is only one question of law that is presented here for our determination. The appellants claim that the circuit court erred in refusing to allow them to prove the declarations of Hunt made about a year after the date of the instrument claimed to be his will, and to the effect that he had made no will. They contend that this was competent evidence tending to support their contention that the will in question had been forged. The weight of authority on this point seems to be decidedly against this contention. Judge Redfield states the rule thus: "The conduct and declarations of the testator, both before and after he executed the will, are competent evidence to show his capacity, at the time the will was executed, when the issue is upon the sanity of the testator;

but, after the will is made, such conduct and declarations manifesting ignorance of the existence of the will are not competent to show that the testator had never made the will in question." 1 Redfield on Wills, 557–559; Schouler on Wills, sec. 241.

The reason for rejecting such declarations, when not part of the *res gestæ*, is that such declarations are not against the interests of the testator; he is under no obligations to speak the truth, and they are only hearsay evidence. It is pointed out also that the statute, having required certain solemnities by which wills may be revoked, it would be unreasonable to allow them to be defeated or disproved by the careless utterances of the testator. The question was discussed at great length in the leading case of *Boylan* v. *Meeker*, 28 N. J. L. 282. Speaking of the admission of declarations against interest, the court said : "The law admits this evidence, although not under oath, because it esteems self-interest a sufficient guaranty for their truth. They are admitted, not because the grantor made them before he parted with his title, and therefore had a right to impair the value of his estate, but because it is considered that their being made under the stimulus of self-interest renders it equally certain that they are true as if made under oath. No such motive operates to secure truth in the declarations of a devisor. He may, to secure his own peace and comfort during life, to relieve himself from unpleasant importunities of expectant heirs, conceal the nature of his testamentary dispositions, and make statements calculated and intended to deceive those with whom he is conversing." For these reasons, we think the circuit court did not err in rejecting proof of the declarations of Richard Hunt to the effect that he had made no will.

It is urged very strenuously that the circuit court erred in its finding that the instrument in question was

in the handwriting of Richard Hunt, and duly executed by him. The appellants contend that the will was forged, and that the judgment of the circuit court should be reversed on that ground. The evidence, as presented in the transcript, is voluminous and conflicting. Without doubt, some of the circumstances connected with the production of this will tend to arouse a suspicion against its authenticity. But the finding of the circuit court on this question is supported by the testimony of many witnesses, and must be taken as binding here. Finding no error, the judgment of the circuit court is affirmed.