FILES *v.* REYNOLDS.

Opinion delivered March 18, 1899.

1.  JUSTICE OF THE PEACE—JURISDICTION—PENAL BOND.—A justice of the peace has jurisdiction of an action on a bond to indemnify a principal against loss through his agent, regardless of the amount of the penalty of such bond, if the amount sought to be recovered is within his jurisdiction, and the agency has terminated, so that the right to recover a judgment for the penalty of the bond, as security for any demands that might thereafter be sustained by breach of any condition of such bond, had ceased to exist.  (Page 315.)

2.  PARTY—ACTION ON BOND.—Where a bond is made payable to a principal or a designated agent, either may bring suit upon it.  (Page 316.)

3.  FOREIGN CORPORATION—FAILURE TO FILE CERTIFICATE.—In a suit brought by the agent of a foreign corporation upon a bond made payable to such corporation or its agent, it is not ground for a motion to dismiss that the corporation has not filed with the secretary of state a certificate designating a citizen of the state as its agent for receiving service of process and its principal place of business; such matter, if good for any purpose, should be pleaded in bar, as a defense.  (Page 316.)

Appeal from Pulaski Circuit Court, Second Division.

JAMES W. MARTIN, Judge.

*A. W. Files, pro se.*

*J. H. Hamiter*, for appellee.

BATTLE, J.  J. H. Reynolds commenced an action against John M. Files and A. W. Files before a justice of the peace. The basis of the action was an account for books and money furnished J. M. Files, while he was in the service of the Southwestern Publishing House, of Nashville, Tennessee, amounting in the aggregate to the sum of one hundred dollars and eighty cents, and a bond in the following words and figures:

"Know all men by these presents, that I, the undersigned, do hereby agree and become responsible to the Southwestern Publishing House, of Nashville, Tenn., or their agent, J. H. Reynolds, at Little Rock, Ark., as parties of the first part, in the sum of five hundred ($500) dollars, under the following conditions, to-wit:

"That Mr. John M. Files, party of the second part, shall act as canvassing and collecting agent for the said parties of the first part for the remainder of the year A. D. 1892, or so long as it may be mutually agreeable between the two parties.

"Contract as follows: We, the Southwestern Publishing House, or J. H. Reynolds, our agent, as parties of the first part, hereby agree to furnish to the said John M. Files, party of the second part, with books to the amount of two hundred and fifty ($250) dollars, for the purpose of making deliveries in all and such towns and cities as they, the two parties, may mutually agree upon; and it is further agreed that we, as parties of the first part, do agree to furnish the said John M. Files, as party of the second part, with cash sufficient to pay traveling expenses and board bills for the first two weeks, after which he agrees to pay back said cash out of commissions allowed him on sales made for the said parties of the first part.

(Signed)                    "SOUTHWESTERN PUBLISHING HOUSE,
                            "Per J. H REYNOLDS, Agent.
                    "JOHN M. FILES.
                    "A. W. FILES."

It was claimed that John M. and A. W. Files were bound by the bond for the payment of the account. The plaintiff recovered a judgment in the justice's court, and A. W. Files appealed to the circuit court; and the plaintiff was again successful, recovering a judgment in the circuit court against A. W. Files for $15.80.

Files contends that the justice of the peace did not have jurisdiction of the subject-matter of this action, and that the circuit court acquired none by appeal. This contention is based upon the fact that the bond sued on was in the sum of $500. But the contention is not correct. At the time this action was commenced, John M. Files was not in the service of the Southwestern Publishing House, and all his liabilities under the bond

had accrued. Hence the right to recover a judgment for the penalty of the bond "as a security for any demands that may be thereafter sustained by any further breach of any condition of such bond" had ceased to exist, and was not directly or indirectly involved in this action. The amount of the account sued on only was in controversy, and was within the jurisdiction of the justice of the peace. *Durfee* v. *Dean*, 52 Mich. 387.

Files further insists that the plaintiff had no right to maintain an action on the bond, because it was in favor of the Publishing House, and that the circuit court erred in refusing to dismiss this action upon the motion filed by him for that purpose. The $15.80 recovered was for money advanced by the plaintiff according to the terms of the bond, and was due to him; and he had the right to sue for it in this action. For our Code of Civil Practice provides that every action shall be brought in the name of the real party in interest, except therein otherwise specially provided; and the bond sued on made the parties of the second part liable to the Publishing House or Reynolds, its agent, for money furnished according to its stipulations, and thereby authorized either of them to sue for and recover thereon whatever may be due the party suing on account of the advances so made. The court did not err in refusing to dismiss.

He contends that the trial court erred in denying a motion made by him to dismiss the action, because the Publishing House was a foreign corporation, and had not filed with the secretary of state a certificate designating a citizen of this state as its agent upon whom service of summons and other process can be made, and its principal place of business. He is in error. This is a matter which, if good for any purpose, should be pleaded in bar, as a defense, and tried like other issues of fact in the action.

He raises many questions which can be presented only through a motion for a new trial. He asked for a new trial on the ground of newly discovered evidence, and no other. He has discovered that he can prove by John M. Files, the principal on the bond sued on, that the $15.80 for which judgment

was rendered was money advanced to him before A. W. Files signed the bond.

In order to make it appear that he is entitled to a new trial on account of this testimony, he must show, among other things, that it could not have been procured by due diligence at the former trial. That does not appear. The record shows that the deposition of John M. Files, by whom he expects to prove the newly discovered facts, was taken in this action, and was opened, published and filed on 22d of January, 1897, and that the last trial was on the 10th of March, 1897. In that deposition the defendant was asked the following question: "Did not J. H. Reynolds furnish you with money out of his own pocket to pay your traveling expenses and board bills the first two weeks (meaning the first two weeks after the execution of the bond), and have you ever paid this money back to J. H. Reynolds?" To which he answered: "There was no contract for J. H. Reynolds to furnish me money from his own pocket, but did receive $10.00 at one time and $8.00 at another, but understood that Reynolds, as per contract and bond, charged the same to the Southwestern Publishing House." A. W. Files was put upon notice by this question, many months before the last trial, that John M. knew that Reynolds had advanced to him (John M.) money to enable him to perform the contract evinced by the bond sued on. Then, again, he (A. W.) ought to have known that John M. knew all the facts necessary to show the extent of his liability on the bond. Under these circumstances he should have made a reasonable effort to discover the facts affecting him in this action. But he does not show what effort, if any, he made, and in that manner fails to show that he could not have procured the newly discovered evidence by the use of due dilligence. To us it appears he was guilty of negligence in the failure to make the discovery in time.

Judgment affirmed.