## FLOWERS *v.* FLOWERS.

### Opinion delivered February 11, 1905.

1. JURY—CHALLENGES.—Where the record shows that the parties waived a regular drawing of jurors, and that the court, after completing a panel of twenty-one jurors, allowed the parties to strike therefrom nine names, no prejudice to appellants' rights is shown where the record is silent as to which of the parties struck the names. (Page 214.)

2. SAME—NUMBER OF CHALLENGES.—Where, in a will contest, the proponents of the will and certain heirs unite in an answer raising an issue as to plaintiff's legitimacy, and the issue of plaintiff's legitimacy and that of *devisavit vel non* were tried together without objection, the proponents cannot complain that three challenges were allowed, respectively, to plaintiff, to the other contestants and to the proponents. (Page 215.)

3. WILL CONTEST—ISSUES SUBMITTED.—While, in a will contest, it is the better practice to determine as a preliminary question the interest of any contestant whose right to sue as heir is disputed, the court may, in its discretion submit to the jury such question, together with the main issue. (Page 215.)

4. WILL CONTEST—INCAPACITY—DECLARATIONS.—In a will contest the jury may be instructed to consider whether deceased has expressed any fixed purpose regarding the disposition of his property at variance with the provisions of the alleged will if deceased's mental capacity is an issue; but such declarations are inadmissible to prove that the will is a forgery. (Page 216.)

Appeal from Garland Circuit Court.

ALEXANDER M. DUFFIE, Judge.

Affirmed.

#### STATEMENT BY THE COURT.

This is a contest over the probation of the last will and testament of King B. Flowers, who died in Garland County May 6, 1898.

The proposed instrument was alleged to have been found on July 24, 1900, by appellant, Henry Flowers, who had previously been appointed administrator of the estate of said decedent, and was at once filed for probate by said appellant. After notice to John Baldwin, Millie Payne and Fannie Kirk, claimants to the property of decedent under the will of Susan Glass, an aunt, and an alleged heir of decedent, the probate court of Garland County on November 14, 1900, rendered judgment admitting the instrument to record as the will of said decedent, and said Baldwin, Payne and Kirk appealed to the circuit court, they having filed their petition contesting said alleged will on the ground that the same was forged, and that said testator lacked the mental capacity to execute the same, etc. Appellee, Josephine Flowers, an infant, appearing by her mother and next friend, Linnie Flowers, the widow of said decedent, on June 6, 1901, filed in the probate court her petition, stating that she was the posthumous child of said King B. Flowers, born January 7, 1898, and his only child and heir; that the instrument so probated was not the will of said decedent, and was never executed by him. The court sustained a demurrer to the petition, and appellee prayed an appeal to the circuit court from the judgment sustaining the demurrer, and also from the original judgment admitting the will to probate. Appellant, Henry Flowers, executor, and his children, King Flowers, Jr., and Albert Flowers, devisees, all of whom were proponents of the will, and said Baldwin, Payne and Kirk filed answer to said petition of appellant in which they denied that she was the child of said decedent, and alleged that she was the illegitimate child of said Linnie Flowers, born on January 19, 1899.

Upon trial in the circuit court the proponents of the will asked that the following issue be submitted to the jury:

"Which or how much of the will dated June 10, 1897, and probated by the Garland Probate Court as the will of King B. Flowers, is or is not the will of said King B. Flowers?"

The court overruled the motion, and submitted to the jury the following issues:

"1. Is the plaintiff child, Josephine Flowers, the legitimate child of King B. Flowers?" To which the jury in their verdict answered in the affirmative.

"2.  Is the instrument offered in evidence, and sought to be probated, as the last will and testament of King B. Flowers, his last will and testament?"  To which the jury answered in the negative.

The court thereupon rendered judgment, declaring appellee to be the legitimate child and only heir at law of King B. Flowers, that the proposed instrument was not the last will and testament of said King B. Flowers, and the judgment of the probate court admitting the same to probate be set aside.  The proponents, after filing their motion for new trial, which was overruled, appealed to this court.

*G. G. Latta* and *Rose, Hemingway & Rose,* for appellants.

The court erred in submitting to the jury the question as to the legitimacy of Josephine Flowers.  Kirby's Dig. § 8041; 13 S. W. 1055; 61 Mo. 572; 1 Woerner, Adm'n. § 222; 113 U. S. 386; 15 Ohio St. 96; 15 S. W. 619; 8 S. E. 508; 9 S. E. 67; 44 S. E. 490; 73 S. W. 790; 96 N. W. 276; 88 N. W. 390; 33 S. W. 676; 50 Atl. 574; 60 Pac. 162; 31 S. E. 626; 1 Ark. 203; 29 Ark. 185; 45 Ark. 527; 40 Ark. 291; 48 Ark. 436; 50 Ark. 275; 34 Ark. 713; 60 Md. 276; 40 Miss. 209; 1 Bradf. 117; 29 Gratt, 66; 32 Gratt. 663; 64 Hun. 38; 61 N. C. 251; 32 Md. 9; 63 Md. 586; 35 Conn. 523; 32 Miss. 297; 40 Ia. 191; 108 Pa. St. 82; 6 W. & S. 189.   It was error for the court to accord each defendant three peremptory challenges.  Kirby's Dig. § 4536; Thompson & Merriam, Juries § 163.  The eleventh instruction was error.   180 U. S. 552.

*R. G. Davies,* for appellee.

McCULLOCH, J., (after stating the facts. )  All the parties demanded a struck jury, but waived a regular drawing, and the court, after completing a panel of twenty-one jurors qualified to try the case, allowed the parties to strike therefrom nine names, thus leaving twelve jurors in the box.  It is insisted that the court erred in this respect, but the record is silent as to which of the parties struck the names, and how many were struck by appellants.  No prejudice is shown to appellants' rights unless it appeared precisely how many names they were allowed to strike, and how many allowed to their opponents.

But if we assume that the court, as contended by appellants, allowed them, as proponents of the will, to strike three names, and contestants Baldwin, Payne and Kirk to strike three, and appellee to strike three, still no prejudice to their rights is shown, for the reason that they joined with contestants Baldwin, Payne and Kirk in an answer, raising an issue as to the legitimacy of the birth of appellee, and thus challenging her right to contest the will, and upon that issue raised by them they cannot deprive appellee of the statutory number of challenges, and force her to exercise her challenges jointly with Baldwin, Payne and Kirk, who stood as much in antagonism to her as appellants did. Therefore appellants cannot complain of the exercise of the additional challenges made necessary by a situation brought about by their attitude in the case.

2. It is next argued by counsel for appellants that the court erred in submitting to the jury the question of the legitimacy of appellant, and they contend that the statute limits the submission to the sole question "which or how much of any testamentary paper produced is or is not the last will of the testator." Kirby's Dig. § 8041. It is only persons who are interested in the estate of a decedent who can be heard to contest a proposed will; and if an issue be made as to the right of contestant to appear for that purpose, it becomes necessary for the court to determine that question. In this kind of a proceeding the jurisdiction of the probate court, and of the circuit court on appeal, is limited to the sole question as to whether or not the proposed instrument shall or shall not be admitted to probate as a will; but, for the purpose of ascertaining the right of the parties to contest, the court may inquire into the interest of the contestant as a preliminary question. *Brogan* v. *Brogan,* 63 Ark. 405; Works on Courts and Jurisdiction, p. 441; Brown on Jurisdiction, § 146.

The better practice is, we think, for the court to settle such incidental or preliminary question before the trial of the main issue, rather than to submit them all together; but this is a matter left to the sound discretion of the trial judge, and we cannot say there has been any abuse of that discretion or any prejudice resulting therefrom to the appellants. They, having raised the issue as to the legitimacy of appellee, thereby challenging her

right to contest the will, and having taken the initiative in producing proof tending to show her illegitimacy, cannot now be heard to complain of the court's action in submitting the question to the jury to be determined from the proof.

3. The court, over the objection of appellants, gave the following instruction:

"The court instructs the jury that, in determining whether the paper in question offered as a will is entitled to be so regarded, the paper itself may be considered in connection with all the other evidence in the case. And if the jury believe from the evidence that the deceased had expressed any fixed purposes and intentions regarding the disposition of his property at variance with the provisions of the alleged will, then the jury should consider whether or not the provisions of the will are inconsistent with his previously expressed and fixed purposes; and if the jury find that they are so, or that deceased was unfriendly to the beneficiaries under the will, then these facts should also be weighed by the jury in determining whether the paper offered is the will of the deceased."

It was held by this court in *Leslie* v. *McMurtry,* 60 Ark. 301, that "declarations of a devisor, made after the will was executed, to the effect that he had made no will, are inadmissible to prove that the will was forged." That decision seems in line with the decided weight of authority, as shown by the collation of authorities in the note to the recent case of *Throckmorton* v. *Holt,* 180 U. S. 552, 571. But the authorities are equally uniform in holding that such declarations are admissible to show the mental capacity of the testator, when that issue is raised. *Leslie* v. *McMurtry, supra; Throckmorton* v. *Holt, supra;* 1 Redfield on Wills, 557, 559; Schouler on Wills, § § 242, 243; Gardner on Wills, p. 137; *Boylan* v. *Meeker,* 28 N. J. L. 282.

The petition of contestants Baldwin, Payne and Kirk, contesting the will, directly raised the question of mental capacity or incapacity of the testator; and this instruction was given upon their request, and not upon the request of appellee. The giving of the instruction was not, therefore, erroneous, as it was competent, upon that issue, for the jury to consider whether or not the provisions of the will were inconsistent with the previously

expressed purposes of the testator as to the disposition of his property. If appellants conceived that this instruction left it open to the jury to consider the testimony of previously expressed purposes of the testator in determining whether or not the instrument was a forgery, they should have pointed out that objection by asking further instructions by the court on that subject.

We find no error in the proceedings, and the judgment is affirmed.