RYNES *v.* STATE.

Opinion delivered May 8, 1911.

1. LARCENY—PROOF OF OWNERSHIP.—In indictments for larceny the allegation of ownership is always-material and must be proved by evidence beyond a reasonable doubt; but this proof can be made by direct and positive evidence or by circumstantial evidence. (Page 124.)

2.  NEW TRIAL—NEWLY DISCOVERED EVIDENCE—PRACTICE.—A motion for new trial on account of newly discovered evidence should be corroborated by the affidavits of other persons than the accused, and, if it can be done, by those of the newly discovered witnesses themselves. (Page 124.)

3.  SAME—NEWLY DISCOVERED EVIDENCE—SHOWING OF DILIGENCE.—A motion for new trial on ground of newly discovered evidence should not only allege that the applicant did not know of the existence of the testimony in time to have brought it forward at the trial, but should show facts from which it must appear that he could not have ascertained or obtained such newly discovered testimony by reasonable diligence. (Page 125.)

Appeal from Yell Circuit Court, Danville District; *Hugh Basham,* Judge; affirmed.

*Priddy & Chambers,* for appellant.

The testimony is clear that the hogs killed were all unmarked and all over one year old. There was no larceny. Kirby's Dig. § 1898.

In an indictment for larceny the ownership of the property must not only be alleged, but it must also be proved as alleged. 132 S. W. 918.

*Hal L. Norwood,* Attorney General, and *William H. Rector,* Assistant, for appellee.

. 1.   The allegations as to ownership of the property and as to the essential ingredients of the crime are sufficient if the proof shows that any one hog belonging to Mabry was marked and was killed by appellant. The testimony is sufficient to support the verdict. 46 Ark. 141; 33 Ark. 196; 23 Ark. 131.

2.   There was no sufficient showing of diligence in appellant's motion for new trial on the ground of newly discovered evidence. 66 Ark. 314; 73 Ark. 528; 85 Ark. 184; 38 Ark. 498; 33 Ark. 180.

FRAUENTHAL, J.   This is an appeal prosecuted by the defendant, J. Rynes, from a judgment convicting him of the crime of grand larceny. The indictment upon which he was tried in effect charged that he did steal, take and carry away six hogs, the property of one J. C. Mabry, "with the unlawful and felonious intent to deprive the true owner of said property." The defendant urges that the judgment should be reversed upon the grounds: (1) that there was not sufficient evidence to sustain the verdict

of the jury; (2) that there was not sufficient evidence to show the ownership of the property alleged to have been stolen; (3) because of evidence newly discovered since the trial of the cause.

The testimony on the part of the State tended to prove that J. C. Mabry was the owner of a number of hogs which ranged near the mouth of what is known as Iron Creek, in Yell County. In January, 1908, six of these hogs disappeared, and have never been found by the owner since. There were five sows and one barrow, and of these one of the sows and the barrow were marked in the mark of said Mabry. The hogs had been accustomed to range and bed at a place that was about two and one-half miles distant from where the defendant lived, and had been seen by the owner at that place a short time before they disappeared.

On the day following their disappearance, the owner went to the place where these hogs had been accustomed to range, and at a short distance from where they had usually bedded he found where some hogs had been recently killed, and some had been dragged along the ground for a short distance to a place where he discovered wagon tracks, which he followed to the field of the defendant. At a creek near defendant's house he also found where some hogs had been recently cleaned and dressed. Here he found from waste portions thereof that there had been cleaned and dressed at that place five sows and one barrow, and from these remains that certain of the sows had been with pigs. He testified that certain of his missing sows were with pigs at the time they disappeared.

Mabry then went to the house of defendant and spoke to him about these hogs, and the defendant admitted that he had on the day before killed some hogs at the place where Mabry's hogs were accustomed to range, some of which were marked and some unmarked; but upon being further questioned by Mabry he refused to make any further answers or give any further information. Mabry did not see the heads of these hogs, the remains of which he had found near defendant's residence, so that he was unable to testify as to any marks thereon.

It appears from the testimony on the part of the defendant that on the day following the time Mabry was at his house he showed to his neighbors four hogs which he had killed, and the heads thereof, and all of them testified that they were unmarked.

But he only showed to them four hogs. Mabry testified that four of his hogs which had disappeared were unmarked, but that the other two were marked.

There were some other facts and circumstances introduced in evidence from which the jury could have found that Mabry discovered hairs from hogs along the place where he said the hogs appeared to have been dragged, which were of the same color as the hair of his hogs which had disappeared.

At the time defendant told Mabry that he had killed the hogs, he did not claim that the hogs which he had killed were owned by him, or by any one who had authorized him to kill them; but, after making the statement that he had killed such hogs, he immediately desisted from making any further statement relative thereto.

Upon his cross examination, the witness Mabry made the statement that the hogs which he claimed the defendant had stolen were owned by himself and his wife; but we think, when all of the testimony of the witness is taken into consideration, that his evidence clearly proved that the hogs were actually owned by himself, but that he spoke of them as belonging to himself and wife because they were members of the same family. According to his testimony, these hogs were raised by him, and two of them were in his mark, which was of record; and from other statements made by him on his examination as a witness it clearly appears that the hogs were actually owned solely by himself. At least, there was sufficient evidence, we think, to warrant the jury in making such finding.

It has been well settled that in indictments for larceny the allegation of ownership is always material, and must be proved by evidence beyond a reasonable doubt; but this proof can be made by direct and positive testimony or by circumstantial evidence. *Fletcher* v. *State,* 97 Ark. 1.

Upon a consideration of all the facts and circumstances adduced in evidence upon the trial of this case, we think that there was some substantial evidence which warranted the jury in finding that the defendant had stolen the hogs set out in the indictment, and that said hogs were owned by said Mabry. *Jackson* v. *State,* 94 Ark. 169.

It is urged by defendant that the judgment should be set

aside on account of evidence which he had discovered since the trial of this case. In his motion for a new trial he stated that he had discovered since the verdict that he could prove by one B. T. Tigue that the hogs which the prosecuting witness, Mabry, claimed that he had lost were in fact never lost by said Mabry, but that they afterwards came up and were found by him. In his application, the defendant did not state where this witness Tigue resided, or any acts of diligence which he had used, either in endeavoring to find this witness or to produce this testimony; nor did he give any reason why he did not discover it before the trial of the case. The indictment was returned against defendant at the August term, 1908, of the court, and he was not tried until the January term, 1911. The application in this case is not corroborated by the affidavit of any person other than the defendant. It has been well settled by this court that applications for new trial on the ground of newly discovered evidence are to be received with caution, and are to be left largely within the sound legal discretion of the trial court. Unless such discretion has been manifestly abused, the appellate court will not disturb the action of the trial court. An application on account of newly discovered evidence should be corroborated by the affidavits of other persons than the accused, and, if it can be done, by those of the newly discovered witnesses themselves. It is not sufficient that the applicant should state that he did not know of the existence of the testimony in time to have brought it forward at the trial, but it is necessary that he should show facts from which it must appear that he could not have ascertained or obtained such newly discovered testimony by reasonable diligence. Kirby's Digest, § 6219; *Runnels* v. *State,* 28 Ark. 121; *Robinson* v. *State,* 33 Ark. 180; *Campbell* v. *State,* 38 Ark. 498; *Files* v. *Reynolds,* 66 Ark. 314; *St. Louis S. W. Ry. Co.* v. *Goodwin,* 73 Ark. 528; *Jones* v. *Gaines,* 92 Ark. 519.

We do not think that the defendant has shown that he used due diligence to obtain this alleged newly discovered evidence, nor do we think that the court abused its discretion in refusing to grant him a new trial.

Upon an examination of the whole case, we do not find that any prejudicial error was committed upon the trial thereof, and the judgment is accordingly affirmed.