NEWPORT MANUFACTURING COMPANY *v*. ALTON.

Opinion delivered October 8, 1917.

1.  MASTER AND SERVANT—INJURY TO SERVANT—USE OF DEFECTIVE TOOL —KNOWLEDGE.—A servant may continue, in the exercise of due care, to use a tool or defective piece of machinery for a reasonable time, upon the employer's promise to repair it, unless the defect renders the tool or machinery so obviously dangerous that a reasonably prudent person would not use it at all.

2.  EVIDENCE—EXPERT WITNESSES—QUALIFICATIONS.—A witness may testify as an expert where experience and observation in the special calling of the witness gives him knowledge of the subject in question, beyond that of persons of common knowledge.

3. EVIDENCE—HYPOTHETICAL QUESTION.—It is necessary to include in
a hypothetical question to be propounded to a witness, the un-
disputed facts, and the facts assumed to have been established by
the party propounding the question, if within the issues.

Appeal from Jackson Circuit Court; *Dene H. Coleman,* Judge; reversed.

*Gustave Jones* and *John W. Newman,* for appellant.

1.   Alton assumed the risk. He was experienced and knew of the defects. 95 Wis. 6; 60 Am. St. 66, 68; 188 S. W. 549, 551. The danger was obvious.

2.   The witnesses who testified as experts were either incompetent, or, if competent, proved Alton to be more of an expert than they and bound him to a full appreciation of the danger. The testimony was not expert but simple speculation. It was incompetent and prejudicial. 56 Ark. 612; 78 *Id.* 55; 85 *Id.* 488; Note, 51 L. R. A. (N. S.) 566.

3.   The hypothetical questions were unfair and misleading and no negligence of defendant was proven.

4.   The verdict is excessive.

*Ira J. Mack,* for appellee.

1.   Appellee did not assume the risk, as he reported the defects to the master and was promised that a new saw would be provided. 86 Ark. 507; 88 *Id.* 28, 34; 90 *Id.* 565; 95 Wis. 6; 4 Labatt on Mast. & S. (2 ed.), § 1376.

2.   The hypothetical questions were not unfair and misleading. Their testimony was that of experts. 56 Ark. 440; 95 *Id.* 284; 108 *Id.* 591.

3.   Negligence was proven. 108 Ark. 591; 107 *Id.* 129; 103 *Id.* 65.

4.   The verdict is not excessive. 79 Ark. 53. It is fully sustained by the evidence.

HUMPHREYS, J.   Appellee instituted suit against appellant in the Jackson Circuit Court to recover $2,900 for an injury to his hand received on the 31st day of May, 1916, while operating a cut-off saw in appellant's handle factory located at Newport. The gist of the complaint was that the injury occurred on account of the negligence

of appellant in furnishing a saw with two teeth out, which rendered the saw unsafe and dangerous. Appellant answered that appellee was guilty of contributory negligence, and had assumed all risk incident to the employment. The cause was heard upon the pleadings, oral evidence and instructions of the court. The jury rendered a verdict in favor of appellee for $2,500. From the judgment rendered thereon, an appeal has been prosecuted to this court.

The saw was circular, containing eighty teeth, and so arranged that material was fed to it by means of a sliding table on the right. The trimmings from the handles and block-saws were put into bundles, laid upon the table, then pushed by the operator so as to bring the material in contact with the saw. In this way, the bundles were sawed into stove wood which fell into a chute on the left of the saw. Appellee was engaged in sawing one of these bundles into stove wood at the time the injury occurred. He sawed one end of the bundle off and turned it to saw the other end off. The bundle was laid upon the table and with his hands resting upon the bundle he pushed it and the sliding table toward the saw. Instead of sawing the bundle in two, the saw hung and pressed the left end of the bundle downward and the right end upward; and in the upward movement his left hand was thrown against the saw. Appellee had worked twenty-two months, during a period of four years, in and about the handle factory. During that time he had operated the cut-off saw about four months. When operating the saw, he filed and shaped the teeth. Two teeth, quite a little distance apart, were broken out of the saw. When appellee discovered one tooth missing, he consulted the superintendent with reference to the danger, and was informed the broken tooth made no difference and advised to continue work. When he discovered the second missing tooth, he again consulted the superintendent who reiterated his former statement, and promised to replace the saw as soon as the new one arrived. A new one had been ordered. Relying upon this promise, appellee continued to operate the

saw until the next morning when the injury occurred. In response to hypothetical questions, the opinions of three witnesses, experienced in the use of a cut-off saw, were admitted as evidence in the case over the objection of appellant. Many other facts pertaining to the injury and extent thereof appear in the record, but we content ourselves with reciting only such facts as we deem necessary in passing upon the vital questions in the case.

It is insisted that the undisputed facts bind appellee as a matter of law to the assumption of the risks connected with the operation of the saw. It is true appellee was skilled in the use of the saw, had complete control of same when operating it, knew how to file and shape the teeth and had knowledge that two teeth were broken; but he informed appellant of the condition of the saw and sought advice from appellant's superintendent. He continued work at the insistence of appellant, and upon the distinct promise that appellant would replace the saw with a new one which had already been ordered. These facts differentiate the instant case from *Erdman* v. *Illinois Steel Company,* 95 Wis. 6, cited by learned counsel for appellant, and harmonizes the case with the rule laid down in the following Arkansas cases: *St. L., I. M. & S. Ry. Co.* v. *Mangan,* 86 Ark. 507; *Marcum* v. *Three States Lumber Co.,* 88 Ark. 28; *St. L., I. M. & S. Ry. Co.* v. *Holman,* 90 Ark. 555.

(1) The cases last cited clearly announce the rule that an employee may continue, in the exercise of due care, to use a tool or defective piece of machinery for a reasonable time, upon promise of an employer to repair it, unless the defect renders the tool or machinery so obviously dangerous that a reasonably prudent person would not use it at all. This rule as applied to the facts also disposes of appellant's contention that the physical facts and evidence fail to establish negligence on the part of appellant.

(2) It is also insisted that the three witnesses who gave expert testimony were not sufficiently qualified. T. E.

Gillard, the first expert witness, had worked around mills for seventeen years, and had four years' actual experience in operating circular saws. D. F. Woodruff, the second expert witness, had about twelve years' experience in working around mills, and during ten years of that time operated saws of different kinds, and operated a saw of this particular kind a year and one-half. J. A. Falana, the third expert witness, had operated saws of all kinds for forty years. This court has laid down the rule in cases where expert evidence is applicable, that the opinion of a witness is admissible in evidence—"Where experience and observation in the special calling of the witness gives him knowledge of the subject in question beyond that of persons of common knowledge." *Dardanelle, P. B. & T. Co.* v. *Croom,* 95 Ark. 284, and cases cited therein on this point.

The matter in issue was not within the knowledge and experience of the ordinary juror, so we think it that character of case in which expert evidence is admissible. The case last cited is also authority upon this point.

(3)   Lastly, it is insisted that the court erred in approving the hypothetical questions propounded to the expert witnesses. It is necessary to include in hypothetical questions the undisputed facts, and the facts assumed to have been established by the party propounding the question may be included, if within the issues. The allegation here was that appellant failed to furnish a safe appliance with which to work, the installed saw being dangerous by reason of the teeth being out. The hypothetical question contained a suggestion of danger on account of the teeth being filed and shaped with a hook in them instead of being filed and shaped straight out. The breadth and scope of the questions not only covered the saw as described with reference to the teeth being out, but with reference to any other defect. It also covered dangers generally on account of installation. Specific objections were made to the questions at the time on account of their unwarranted breadth and scope. We think the dangers suggested on account of installation and operation were not included

in the pleadings, and the questions and answers thereto prejudicial to the rights of appellant. The questions should have been limited to the defect alleged.

As the case must be reversed, we deem it inappropriate to discuss the question of whether the verdict was excessive.

For the error indicated, the judgment is reversed and the cause remanded for a new trial.