SIMMS OIL COMPANY *v.* DURHAM.

Opinion delivered November 11, 1929.

*Gaughan, Sifford, Godwin & Gaughan,* for appellant.
*McNalley & Sellers,* for appellee.

McHANEY, J. Appellee brought this action against appellant to recover damages for personal injuries received while in its employ as a pumper on one of its oil leases in Ouachita County. His duties were to keep the pumps going from twelve o'clock midnight until twelve o'clock noon, when he was relieved by another pumper. The pumps were operated by 4-cycle Superior gas engines burning natural gas. On account of the weakness of the gas pressure, at times, the engines would stop, and it was his duty to start them running again. On the night of his injury, January 15, 1928, while making his rounds of the wells that were pumping, appellee discovered that one of the engines had stopped running, and undertook to start it, in the usual and customary way, if

not the only way, which was to throw out the clutch, set the gas, set the spark, or wyco, as it is called, and kick the engine off by placing the left foot on a spoke of the fly-wheel and pulling forward with both hands hold of the spokes of the wheel until it fired. Appellee did all this in the usual way, but, instead of firing and running forward, the engine backfired with such force that it threw him up against the ceiling of the engine house, from whence he fell back on the engine, thence to the floor, resulting in serious, painful and permanent injuries to him.

The ground of negligence alleged and relied on was that the lug bolts which pass through oblong slots in the attachment plate of the wyco into threaded holes in the engine plate or bed, and which were intended to attach the wyco firmly and immovably to the bed of the engine, were old, and the threads thereon had become broken or stripped, so that the wyco was not held firmly in place, but would drop down slightly, causing the driving bar of the wyco to come in contact with the cam or eccentric sooner than intended and sooner than is indicated by the set lever controlling the spark, which caused the engine to backfire.

There was a trial to a jury, resulting in a verdict and judgment for appellee for $25,000.

Appellant first says that its request for a directed verdict should have been given for two reasons: (a) "Appellee failed to show that his injury was due to the negligence of appellant, and (b) appellee clearly assumed the risk." We cannot sustain appellant in this assignment for either of these reasons. The evidence was ample to support the finding of the jury that appellant was negligent in that the threads of the lug bolts which fasten the wyco to the engine had become worn, the bolts loose, and the wyco unstable. It was further shown that in this condition the vibration of the engine would cause the wyco to drop or sag slightly, which brought the instrumentality for making and breaking the

spark closer to the cam or eccentric, thereby causing the spark to be emitted too soon, and that this would cause the engine to backfire. Appellee knew that the wyco was somewhat loose a few days before the accident, notified appellant thereof, and received a promise that it would be repaired at once. A day or two before the accident he saw a repairman working on this engine, and was assured by him that he would have no more trouble with it.

Appellant says that appellee is uncertain as to what caused the engine to backfire; that this kind of engine will backfire if the wyco slips down, or if the timing gear comes loose. But we fail to find any evidence that there was anything wrong with the timing gear. On the contrary the evidence is quite definite and certain that the backfire was occasioned because of the condition of the wyco. Therefore the case of *St. L. S. F. R. Co.* v. *Smith,* 179 Ark. 1015, 19 S. W. (2d) 1102, has no application against appellee. We there said that: ''Juries are not permitted to base verdicts on mere conjecture or speculation. There must be substantial testimony of essential facts, or facts which would justify a reasonable inference of such essential facts, on which to base a verdict, before it will be permitted to stand.'' But in this case we have the essential facts, testified to by many witnesses, on which to base a verdict. Moreover, the proof shows that the defects in the lug bolts were such as would require an inspection to discover. They were not patent, but hidden. True, appellee knew the wyco was somewhat loose, but had been promised that it would be repaired, and a repairman had worked on the engine, and advised him it would give no more trouble. The law in this State, and generally, is that the employee does not assume the risk of injury caused by a defective piece of machinery or appliance in cases where the master has promised to repair and during a reasonable period of time in which to make repairs, or until the lapse of such a period of time after the promise as would preclude all reasonable expectation that it would be done. *Western Coal & Mining Co.* v. *Burns,* 84 Ark. 79, 104 S. W. 535. Of course, if the

machinery or appliance is so obviously dangerous that a reasonably prudent person would not use it at all, the master is relieved of liability. *Newport Mfg. Co.* v. *Alton,* 130 Ark. 542, 198 S. W. 120; *Pekin Coop. Co.* v. *Duty,* 140 Ark. 135, 215 S. W. 715. In *Newport Mfg. Co.* v. *Alton, supra,* appellee was injured by his hand coming in contact with a saw with two defective saw teeth which he had been operating four months on a promise to install a new saw as soon as possible. It was held that appellee had not as a matter of law assumed the risk.

In this case appellee had worked only a few days after promise to repair, did not know it had not been repaired, but, on the contrary, was justified in believing it had been repaired.

Appellant complains of instructions 4 and 6 given at appellee's request. We do not set No. 4 out, as it would unduly extend this opinion. It is a correct declaration of the law relative to the rights, duties and liabilities as between employer and employee in working with defective machinery where there has been a promise to repair. As we read the instruction, it is in exact accord with the principles of law already stated, and we will not repeat them. We find no error in this instruction.

Instruction No. 6 is short, and is as follows:

"You are instructed that the law furnishes you no measure of damages for physical pain and suffering, and the amount to be assessed by you, if you find for the plaintiff, on account of physical pain and suffering, if any, must be left to your sound discretion and good judgment, based upon the evidence in the case."

In *St. L. I. M. & S. R. Co.* v. *Dallas,* 93 Ark. 209, 124 S. W. 247, an instruction was given as follows: "The law furnishes you no measure of damages for pain and suffering. The amount to be assessed by you, if any, must be left to the sound judgment and fair discretion of the jury." This was assigned as error. In disposing of it against appellant's contention it was there said: "The instruction is to some extent ambiguous and mis-

leading in this, that it might be inferred from it that the jury should render a verdict for any amount they deemed right for pain and suffering, regardless of the evidence. But the defect could have been cured by a specific objection.

"While, as we have said, it is difficult to fix a measure of damages for pain and suffering, for the reason that none would be an acceptable inducement to suffer it, yet, in determining the amount of compensation for it, the jury must be governed by the evidence in the case."

While there was a specific objection here, the last words of the instruction, "based upon the evidence in the case," save it from the error pointed out in *St. L. I. M. & S. R. Co.* v. *Dallas, supra.* We conclude therefore that no error was committed in giving this instruction.

It is finally insisted that the verdict is excessive. There is nothing in the record to show that the jury was influenced against appellant by passion or prejudice. On the other hand, appellee is only twenty-five years old, with an expectancy of nearly thirty-nine years, based on American experience tables, and was working seven days per week at $5.50 per day. The evidence given on his behalf showing the nature and extent of his injuries was evidently accepted by the jury. It shows that he has not only suffered great pain and anguish, but that he will continue to so suffer. It shows that he is totally and permanently injured in both the muscular and nervous systems. We will not undertake to set out in detail the evidence on the subject. We have examined it carefully, and it has given us no little concern. If appellee is totally and permanently disabled, and the evidence is sufficient to sustain the jury's finding and verdict that he is, then the verdict is not excessive.

We find no error, and the judgment is affirmed.