Sutton *v.* Webb.

Opinion delivered June 1, 1931.

*Joseph R. Brown* and *James B. McDonough,* for appellant.

*Hardin & Barton,* for appellee.

KIRBY, J., (after stating the facts). It is first insisted that the court erred in permitting the jurors to be questioned on their *voir dire* as to whether any of them was connected, as employees or otherwise, with any insurance company writing automobile liability insurance. It being apparently the sole purpose in asking the question

to create a false impression upon the minds of the jurors that appellant was protected by insurance against damages from such injuries, so that they might the more readily render a verdict against him therefor. Counsel for appellee, however, had the right to inquire of the prospective jurors whether they were related to either of the parties and whether they had been in the employ of any insurance company writing liability insurance, in order to more intelligently exercise appellee's right of challenging the jurors, under the rule already announced by this court in *Bourland* v. *Caraway, ante* p. 851, and cases cited there.

Neither was error committed in the giving of certain instructions complained of, in which it was claimed that the jury was permitted thereby to find against appellant without consideration of appellee's alleged contributory negligence. There was no substantial testimony tending to show any contributory negligence on the part of appellee, nor warranting the jury's consideration of such issue; and the court also gave, at appellant's request, a correct instruction on contributory negligence, which was not in conflict with the other instructions as expounded.

The court's instruction on the measure of damages to appellee's car was not erroneous as contended by appellant. Appellant had attempted to have appellee's damaged car repaired and reconditioned, and showed the amount of the cost of such repair. The instruction complained of correctly declared the measure of damages to the car "would be the difference between its value before and after the accident, or after any repairs which the defendant placed on it," allowing the jury to take into consideration the cost, if any shown by the evidence, of repairing the car, "along with the other evidence in the case." This only allowed the jury to take into consideration the testimony about the necessary cost of reconditioning and repairing the car and to find, if the evidence warranted its doing so, any amount of damages more than the cost of the repairs made by appellant, and no

specific objection was made to the instruction, which, if not as clearly stated as might have been, would doubtless have been corrected to meet any objection on that account. The instruction is not in conflict with the law as announced in *Madison-Smith Cadillac Co.* v. *Wallace,* 181 Ark. 715, 27 S. W. (2d) 524.

There was no error in the giving of the instruction quoting the statute and showing the rate of speed allowed for driving motor vehicles on the highway, or on the wrong side thereof, since the jury was specifically directed that if they believed from the evidence that appellant violated the statutes referred to in the instructions, or either of them, "then you are instructed that such violation or violations, if any, are evidence of negligence and may be considered by the jury together with all the other facts and circumstances as disclosed by the evidence in the case in arriving at whether or not the defendant was guilty of negligence." The instruction only told the jury that the violation of these statutes, if shown, was only evidence of negligence that might be considered with all the other facts and circumstances as disclosed by the evidence in determining whether the defendant was guilty of negligence. *Herring* v. *Bollinger,* 181 Ark. 929, 29 S. W. (2d) 676.

Neither was error committed in the giving of the instruction numbered 9, relating to the measure of damages for pain and suffering of body and mind. *St. L., I. M. & S. Ry. Co.* v. *Dallas,* 93 Ark. 215, 124 S. W. 259; *Ward* v. *Blackwood,* 48 Ark. 407, 3 S. W. 624; and *Simms Oil Co.* v. *Durham,* 180 Ark. 366, 21 S. W. (2d) 861.

We are also of the opinion that the verdict is not excessive for the personal injuries shown to have been sustained by appellee, although the testimony does show that she suffered from arthritis, preventing to some extent the free and proper use of the injured arm, before the collision, but the jury could have found from the evidence that the injury was sufficient to have caused the impaired condition of the arm without regard to the

affliction which was not merely an aggravation thereof. Moreover, appellee was entitled to recover damages for the injury inflicted by appellant's negligence without regard to whether the damage might not have been so great but for the arthritis with which she was afflicted.

We find no error in the record, and the judgment is affirmed.