CONNOR *v.* BOWERS.

Opinion delivered July 6, 1931.

*June P. Wooten*, for appellant.

*Fred A. Isgrig*, for appellee.

HUMPHREYS, J. This is an appeal from a judgment of the circuit court of Pulaski County, Second Division, sustaining on appeal on trial *de novo* the purported will of Mrs. Mamie Hollen Casaretto of date August 22, 1929, which was filed for probate in the probate clerk's office by appellee and rejected by the probate court upon the ground that the instrument was a forgery.

The purported will devised all the property of the testatrix to appellee, the beloved nephew of her departed husband except $1 to her surviving nephews and nieces of blood kin.

The testimony adduced upon the trial of the cause was in sharp conflict as to the genuineness of the instrument and signature of the testatrix thereto.

The testimony introduced by appellant tended to show that the instrument, including the signature, was a forgery, and the testimony introduced by appellee tended to show that the instrument and signature were genuine.

This issue of fact was submitted to the jury under correct instructions, and, in view of the conflict in evidence, this court on appeal is precluded from passing upon the weight of the testimony or the merits of the cause. We have carefully read the testimony and find that the verdict of the jury is sustained by substantial evidence.

Appellant contends, however, for a reversal of the judgment upon the alleged grounds that the trial court, in the course of the trial, admitted incompetent testimony and excluded competent testimony; and in overruling her motion for a new trial.

The testimony objected to as incompetent was that of John Monteath and James F. Moore, who testified to the genuineness of the signature of the testatrix to the purported will and the testimony of C. L. McWilliams to the effect that on or about the date of the will he took the attorney who prepared same to his office and was

requested by the attorney to witness a will he was going to prepare for a woman in case the witness returned from North Little Rock in time.

It is argued that witnesses Monteath and Moore did not sufficiently qualify themselves to testify as experts concerning the genuineness of the signature of the testatrix of the will. This court ruled in the case of *Newport Manufacturing Co.* v. *Alton,* 130 Ark. 542, 198 S. W. 120, that a witness might testify as an expert where experience and observation in the special calling of the witness gives him a knowledge of the subject in question beyond that of persons of common knowledge. Witness Monteath testified that he had 45 years' experience in handling checks in cotton transactions, and that in the position occupied by him it was necessary for him to compare signatures and handwriting. Moore testified that he had had 18 years' experience as a bank teller, in which position it was imperative for him to distinguish between genuine and fictitious signatures. Both witnesses sufficiently qualified themselves by experience to testify as experts concerning the genuineness of signature to instrument under the rule announced by this court in the case of *Newport Manufacturing Co.* v. *Alton, supra.*

The record reflects that testimony was introduced without objection to the fact that George M. Heard, about three weeks before he died, prepared the purported will, and it was not error to admit the testimony of McWilliams in corroboration of the testimony unobjected to.

The testimony excluded by the trial court, over the objection of appellant, consisted of letters written by the testatrix in her lifetime to appellant and her brothers and sisters, in which she expressed affection for them. The general rule announced by this court in the cases of *Leslie* v. *McMurtry,* 60 Ark. 301, 30 S. W. 33, and *Flowers* v. *Flowers,* 74 Ark. 212, 85 S. W. 242, is that declarations of a decedent either before or after the execution of a will, unless a part of the *res gestae,* are inadmissible where the issue is one of forgery.

The testimony of John Vick, excluded by the court over the objection of appellant, tended to show a desire on appellee's part to participate in the distribution of the estate of his aunt or to receive a gift of money from her nephews and nieces by blood. The issue involved was one of forgery of the instrument, and we do not think testimony of this character would tend to prove or disprove that issue.

The trial court did not abuse its discretion in overruling appellant's motion for a new trial on the ground of newly discovered testimony. The evidence alleged to have been discovered after the trial of the cause was testimony tending to contradict McWilliams as to the time he took the attorney who prepared the will to his office and to show that Mrs. Mary Bettis, who testified that she typed the purported will on August 22, 1929, was not in Arkansas at the time, and that some time before the filing of the purported will Winfield Heard, one of the subscribing witnesses, was seen tracing signatures and remarked that he could trace a signature so as to make it look like a genuine signature. It was not set out in the motion by whom the facts alleged could be proved or the whereabouts of the witnesses by whom such proof could be made. On account of the failure to set out the names and whereabouts of the witnesses by whom the newly discovered evidence could be established, the trial court did not abuse its discretion in overruling the motion.

No error appearing, the judgment is affirmed.