STATE USE CALHOUN COUNTY v. POOLE.

Opinion delivered March 14, 1932.

*Joe Joiner,* for appellant.

*C. L. Poole,* for appellee.

KIRBY, J. This appeal is prosecuted from a judgment denying appellant the right to recover $300 of school funds alleged to have been wrongfully retained by appellee as an attorney's fee for the collection of moneys for the school district.

It appears from the testimony that W. A. and Ida Tomlinson made their will in the State of Texas, county of Jeff Davis, providing that $3,000 out of their estate be paid to the public school fund of Calhoun County.

Sikes was appointed executor of the will, and the $3,000 was collected out of the estate, but he failed to pay same to the school fund, paying it to C. L. Poole instead, who was alleged to be without authority to accept it for the school fund, and Poole acting for Sikes, executor, did pay the school fund of said county the sum of $2,700, wrongfully retaining $300 as a fee for the collection of it, and it was alleged that both he and the executor were liable to the county school board therefor.

Poole answered denying any indebtedness, and alleged that he had the right to and did retain the $300 out of the money collected as a fee for professional services rendered.

The testimony shows the services necessary to be performed, which were done by Poole and an assistant employed by him in having the will, which appeared to have been lost for a time, probated in Denton County, Texas, where Ida Tomlinson died, a copy of the lost will being procured from Pilo Pinto County where it had first been probated. The necessity for procuring affi-

davits from the subscribing witnesses from Jeff Davis County, etc., was shown. The money was finally collected after three trips made to Texas by appellee and paid over to the public school fund, except $300 retained by Poole as his fee in accordance with what he claimed to be his contract of employment.

He testified that he had talked with the board at regular meetings two or three times about the employment and the necessity for it, and that finally the president of the board with another man came over to his office and told him to proceed with the collection; that he accordingly collected the money after three trips down into Texas at an expense of about $75 each and retained his fee agreed upon, as he had the right to do.

Several members of the board testified that Mr. Poole had come before the board and stated the necessity for having some one employed to collect the money from the estate, but that the board had never employed him; that Sikes, the executor, was Poole's brother-in-law, his wife being a daughter of the testator, as was also Poole's wife, and that the board thought it could collect the money without the employment of counsel.

Sometime after Poole had begun to proceed about the collection and before it was actually made, the board passed a resolution to rescind any previous action towards employing an attorney to collect the money willed to the school fund of the county by Mr. Will Tomlinson and leave it in the hands of Mr. Sikes of Monticello.

The jury under instructions not complained of returned a verdict in favor of appellee Poole, from which this appeal comes.

It is insisted for reversal that the school board was without authority to employ a lawyer to collect the money given to it under the terms of the will, that the testimony is insufficient to support the verdict, and that the court erred in not granting a new trial on account of newly discovered evidence.

The county board of education is granted certain powers by the statute, § 8873, *et seq.,* Crawford & Moses' Digest, in effect substituting the county boards of education for the county court in the supervision of school affairs, the duties of the board being set forth in § 8876 of the Digest. The right of the county board to bring suit for the protection of the common school fund and for the purpose of requiring the county treasurer to transfer moneys to the common school fund appears to be recognized in *County Board of Education* v. *Austin,* 169 Ark. 436, 276 S. W. 2. Although the authority is not expressly given, it would necessarily be implied from the authority conferred to manage and control school funds, etc. The jury decided the fact as to whether there was a contract between appellee Poole and the county board of education to collect the fund, and there is sufficient evidence to support the verdict. All admitted Mr. Poole appeared before the board at one or two meetings, stated the conditions about the collection of the fund and his desire to represent the board in the collection, agreeing to do so for the amount of $300. Although several members denied that he was ever employed and stated that the minutes of the board meetings did not show any such employment, he testified that the president of the board came to his office after the last conference with them and told him to proceed with the collection, which he did. The president was not very definite in his recollection of what occurred when he spoke to Poole about it, but he admitted that he called at the office for some purpose and had a conversation with Poole. Then the resolution passed by the board after appellee was proceeding with the collection of the fund, which was afterwards paid to him, to rescind any previous action toward employing an attorney to collect the money indicates that the board thought that an attorney may have been employed for whose services it would be bound, unless it did take such action. If appellee had been employed, as some of the testimony tends to show and the

resolution indicates, the board could not discharge or refuse to pay him a reasonable fee for the services necessarily rendered in the collection of the money to which the board was entitled. He stated what his services consisted of, the necessity of payment of expenses of three trips to Texas, the employment of a local attorney to assist, and it cannot be said that the fee charged for making the collection, if one had not been agreed upon, was more than the services rendered were worth.

Neither was error committed in refusing to grant the motion for a new trial on account of newly discovered evidence. No diligence was shown to procure the testimony of the witness, which was claimed would furnish the newly discovered evidence, no subpoena having been issued for him, and, although he was a party to the suit, appellant could not have a new trial because of the disappointment of its expectations that said witness would necessarily be at the trial and could be introduced by it as a witness for appellant. The testimony claimed to be newly discovered was largely cumulative too, about the payment of the expenses of the attorney for his trips to Texas, one witness having testified he had seen the account and the statement of it and its payment by the executor, etc.

We do not find any prejudicial error in the record, and the judgment is affirmed.