KING-RYDER LUMBER COMPANY v. COCHRAN.

Opinion delivered November 15, 1902.

1. MASTER AND SERVANT—ASSUMPTION OF RISK.—Where one employed to operate an edger in a sawmill discovered that the saw was cracked and reported its condition to the foreman, who told him to run it until noon when he would have it repaired, whereupon he continued to run it, and was injured, he was relieved of the risk attending its operation unless the danger was so patent that no person of ordinary prudence would have continued to operate it without assuming the risk. (Page 57.)

2. SAME—DUTY TO CAUTION INEXPERIENCED SERVANT.—Where a young and inexperienced servant is employed to operate a dangerous machine, it is the duty of the master to inform him how to operate it safely, and for an injury caused by a breach of such duty the master will be liable in damages. (Page 57.)

3. ASSUMPTION OF RISK—QUESTION FOR JURY.—Whether an inexperienced youth of 18 years understood the danger incident to the operation of a defective machine was a question properly left to the jury. (Page 58.)

Appeal from Sevier Circuit Court.

WILL P. FEAZEL, Judge.

Affirmed.

### STATEMENT BY THE COURT.

The appellee, by his next friend, recovered a judgment against the appellant for $2,000 for damages he sustained, while working for appellant, in running an edger in appellant's saw mill, by which injury he lost his thumb and a part of three fingers.    From this judgment the mill company appealed to this court.    It alleges many errors in instructions given by the court, and errors by the court in refusing instructions asked by them; many of which we do not discuss.    The appellants also contend that the evidence does not support the verdict.

The evidence shows that the appellee, at the time he was employed, and at the time he was put to work at the edger, was about the age of 18 years, of fair, ordinary intelligence; and tends to show that he was inexperienced at such work, and that the foreman, who employed him, and put him to work at the edger, did not give him the instructions necessary to an understanding and appreciation of the dangers incident to running that kind of a machine.    There was evidence tending to show that the saw of the edger was cracked, that it was in bad repair, and that appellant had been informed that it was out of order, and had given orders to the foreman to have it run if they did not put out more than one plank a day; that it was dangerous to run it in that condition; that appellee had run that edger some time before for about a month and a half; that on the morning of the injury, after the appellee had run the edger a short time, he discovered there was something wrong with it, that it would not saw a straight line; and that he told the foreman of it, who thereupon told him that it was out of fix, but to go and run it till noon, when he would have it repaired; that he returned, and began to run it, and a short time thereafter received the injury of which he complains.

*Hill & Brizzolara,* for appellant.

The measure of a child's responsibility is his capacity to see and appreciate danger, and he is held to such measure of discretion as is usual in one of his age and experience.    88 Pa. St. 35; 144 Pa.

St. 357; 1 Shear. & Redf. Neg. § 218 (5th Ed.); 139 N. Y. 459; 56 Ark. 232. A servant cannot recover from his master for an injury which the servant by reasonable care could have avoided. 59 Ark. 479; 66 Ark. 237. Appellee assumed the risks incident to the employment. 56 Ark. 237; 68 Ark. 319; 94 Fed. 73; 170 U. S. 655, Law. Ed. 1188; 56 Ark. 232.

*Collins & Lake* and *Shaver & Norwood,* for appellee.

The verdict of the jury is conclusive as to the weight of evidence. 25 Ark. 474; 31 Ark. 163; 51 Ark. 467; 57 Ark. 577. Where there is a conflict in the evidence, this court will not disturb the verdict. 25 Ark. 452; 46 Ark. 524; 47 Ark. 196; 50 Ark. 511; 67 Ark. 531. The verdict should not be disturbed where the evidence against it preponderates. 13 Ark. 309; 14 Ark. 419; 18 Ark. 498; 26 Ark. 360; 22 Ark. 50; 25 Ark. 11; 56 Ark. 232; 53 Ark. 117.

HUGHES, J. (after stating the facts). It is contended that the appellee, Ned Cochran, by continuing to operate the edger after he had discovered that it was not in order, assumed the risk incident to its operation. But it must be remembered that when he discovered its condition he promptly reported to the foreman that it was not in proper condition, and that it would not saw a straight line, and that thereupon the foreman told him that it was out of order, but to go and run it until noon, and that he would have it repaired, whereupon he continued to run it, obeying the direction given him. By reporting its condition to the foreman, if he appreciated the danger of operating it in its then condition, he manifested his unwillingness to assume the risk of its operation in that condition, and by the direction of the foreman he was relieved of the assumption of the risk attending its operation, unless the danger was so patent that no person of ordinary prudence would have continued to operate it without assuming the risk. We think, therefore, that the risk of operating it under the circumstances was not an assumed risk.

Objection is urged to the giving by the court of the second instruction for the plaintiff, which reads: "Second. The court instructs the jury that if they believe from the preponderance of the evidence that plaintiff was young and inexperienced, and ignorant of the condition of the machine, and the apparent condition of

the same was such as was likely to lead the plaintiff, on account of his youth and inexperience and lack of knowledge, to undertake and operate the machine in the way he did, and the dangers of operating it in the way he did were unknown and not apparent to him on account of such youth, inexperience and lack of knowledge, and the defendant knew, or ought to have known, these facts, it was its duty to have informed the plaintiff how to operate the machine, and to have instructed him and cautioned him sufficiently to have enabled him to comprehend the dangers, and to operate the machine safely by the exercise of due care; and if the circumstances were such that the defendant owed it as a duty to plaintiff to instruct him, and it failed to do so, and plaintiff was injured on account of its failure to do so, the defendant is liable in damages for the injury."

The evidence tended to show that Ned Cochran, the appellee, was only 18 years of age, and of limited experience in handling such machines, and whether he understood the danger incident to its operation, out of condition as it was, which he knew, was a question of fact properly left to the jury by this instruction.

In the case of *Davis* v. *Railway Company*, 53 Ark. 117, where a youth of 18 years of age, who knew that the rails at a switch were unblocked, got his foot hung in the space between the guard rail and the main track, and was killed by a moving train, it was held that he could not be held to have assumed the risk of the danger attendant upon the service. The syllabus of the opinion in *Davis* v. *Railway*, 53 Ark. 117, is as follows: "A knowledge of facts which involve a latent danger does not imply a knowledge of the danger itself. Thus, where a young and inexperienced servant employed in coupling cars has his foot caught in an unblocked guard rail, and is run over and killed by a moving train, an instruction that his knowledge of the existence of the unblocked guard rail implied a knowledge and assumption of the attendant danger was erroneous." "Knowledge of the danger was itself a question of fact," said Chief Justice Cockrill in that case, "and if the jury believe that the deceased, by reason of his youth and inexperience, did not know or appreciate the danger of the service about the unblocked rails, and that the company had exposed him to the danger without warning him of it, they should have found that the risk was not one he had assumed by entering the service." Davis was 18 years old.

The appellant contends that the jury was not properly instructed upon the question of the contributory negligence imputed to the plaintiff. Upon contributory negligence, the court, in the twentieth instruction given at the instance of the defendant, told the jury: "Plaintiff was bound to see patent and obvious defects and dangers in the appliances handled by him, and assumed all patent and obvious risks, as well as those incident to the business; and if he knew of defects in the appliances, and continued to work with the same, he is treated as being guilty of contributory negligence."

Though this instruction is not strictly correct, it was favorable to the defendant. Without discussing the very many instructions given and refused in this case, it is sufficient to say that we think there is no prejudicial error in giving and in refusing to give instructions.

It is the opinion of the court that the evidence was sufficient to support the verdict. The judgment is affirmed.

BUNN, C. J., dissents.