DALHOFF CONSTRUCTION COMPANY *v.* LUNTZEL.

Opinion delivered March 4, 1907.

1. CONTRIBUTORY NEGLIGENCE—WHEN QUESTION FOR JURY.—Where there was a conflict in the evidence as to whether a plaintiff in a personal injury suit was guilty of contributory negligence, the question was properly submitted to the jury. (Page 84.)

2.   MASTER AND SERVANT—ASSUMED RISK.—A servant who continues to use a defective tool upon the master's assurance that it is safe to use will not be held to have assumed the risk therefrom. (Page 85.)

3.   SAME—CONTRIBUTORY NEGLIGENCE.—A servant who continued to use a defective tool and was injured thereby was not guilty of contributory negligence unless the danger was obvious. (Page 85.)

Appeal from Pulaski Circuit Court, Second Division; *Edward W. Winfield,* Judge; affirmed.

*H. F. Auten,* for appellant.

The undisputed testimony shows that appellee not only was guilty of contributory negligence but also violated the orders and directions as to the manner of doing the work, received from the foreman.

*Lee Miles,* for appellee.

Under the rule laid down in 71 Ark. 57, and *Id.* 521, the question of negligence in this case was one solely for the jury under proper instructions from the court, and their verdict is conclusive. Acting upon the foreman's promise to supply the defective implement with a new one, and upon his assurance that he thought the former could be safely used by the exercise of ordinary care, appellee did not assume the increased risk. Labatt on Master & Servant, § 302.

McCULLOCH, J. This is an action to recover for personal injuries received by plaintiff while working for the defendant repairing or reconstructing a railroad bridge. At the time plaintiff received the injury in question he was working under the direction of defendant's foreman, taking out old ties from under the steel rails and replacing them with new ties. In doing so it was necessary to raise the rails with a jack to sufficient height to permit the removal of the ties. The jack in use was old and had become worn so that it would often slip on account of a slight jar and lose its hold. The attention of the foreman had been called to the defective condition of the jack, and a new one had been ordered, the foreman having directed plaintiff to continue his work with the old one until the arrival of the new and assuring him that with proper care it was safe to do so. Two men, the plaintiff and one other, worked together, and it was

customary to draw the spikes and then put the jack under the rail and raise a bent, covering twenty-four ties, about eighteen inches above the top of the ties. They then blocked up the rail so as to make it secure, remove twenty-three of the old ties and replace them with new ones, then put the jack under again, take the blocking away from the last tie and remove that and replace it with a new one while the jack was holding up the rails. The two men stood on opposite sides of the track on the outside of the rails, and while the rails were elevated the plaintiff would shove the old tie forward until his end of it was about the center of the track, then he would lean over the rail and take hold of the tie, and pull it out while his co-worker shoved it forward. When plaintiff was hurt, they were removing the last or twenty-fourth tie in the bent. He had shoved forward the old tie, and was standing with his foot resting under the rail on a new tie, in the act of reaching forward to take hold of the end of the tie to draw it out when the jack slipped and allowed the rail to fall on his foot. It was mashed and severely injured.

The negligence of defendant is alleged to have consisted in failing to provide safe tools for plaintiff to work with, and defendant charges contributory negligence on the part of the plaintiff in putting his foot under the elevated rail without blocking up the rail when he knew that the jack was defective and liable to slip.

These questions were properly submitted to the jury, and a verdict was returned in favor of the plaintiff assessing his damages at the sum of seven hundred dollars.

It is argued on behalf of appellant that the undisputed evidence shows that appellee was guilty of contributory negligence, and should not be allowed to recover damages. The case went to the jury upon the testimony of appellee alone, except the agreed testimony, contained in a motion for continuance, of one McFarland, the man with whom appellee was working at the time of the injury. The statement of his testimony was that "all the men working there knew that the jack being used would slip, and that it was dangerous to get under the rail, and that it was wholly unnecessary for any one of the men to get under the rail, and the foreman cautioned them not to do so, but that the plaintiff negli-

gently and carelessly violated such orders, and put his foot under the rail, and that it fell and caught him through his own negligence." Appellee testified that McFarland was acting foreman in the absence of McNally, the regular foreman, and that the work was done in accordance with his instructions; that when he was injured he was doing the work in precisely the same manner that it was always done in the presence of the foreman and under his directions, and that it was not practicable to do it in any other way. He was subjected to a searching examination and cross-examination, in which members of the jury participated, and stated in detail the manner in which the work was done. He gave his reasons why it was necessary to stand upon the ties with his foot close up under the rail, instead of standing down on the stringer of the bridge, in order to reach over to take hold of the old tie to withdraw it. The reasons he gave were not without plausibility, and addressed themselves to the sound discretion of the jury in determining whether or not he had acted prudently in doing his work with the defective jack. We think his testimony raised a question for the jury to determine whether he was guilty of negligence or not, and negligence on his part should not be declared as a matter of law. It is urged that he did not deny the statement of McFarland to the effect that the foreman instructed him not to put his foot under the rail, and that he violated those instructions in doing so. But we think that, reading his testimony together, it amounts to a positive denial that any such instructions were ever given; for he says that the work was done in precisely the same manner that it was always done, and in the way in which the foreman directed it to be done, and that the acting foreman was working with him at the time, and could see how he was doing the work.

The evidence was sufficient to sustain the charge of negligence against appellant, and warranted a finding that appellee was free from negligence.

Appellee had the right to rely, without being held to have assumed the risk, upon the assurance of his employer that it was safe to use the defective jack until the new one was supplied, and the danger was not so obvious that it can be said that he was guilty of contributory negligence in using it. *King-Ryder Lum-*

*ber Co.* v. *Cochran,* 71 Ark. 57; *Fordyce* v. *Edwards,* 60 Ark. 438; Labatt on Master & Servant, § 302.

Affirmed.

BATTLE, J., absent.