## DICKIE *v.* HENDERSON.

### Opinion delivered May 9, 1910.

1.  NEW TRIAL—REQUIRING REMITTITUR.—Where the losing defendants in an action at law filed a motion for new trial upon the ground merely that the evidence was insufficient, and at the next term of court moved for new trial on the ground of newly discovered evidence, no question was raised as to the excessiveness of the damages awarded, and it was error to make an order requiring plaintiff to remit a part of the judgment. (Page 80.)

2.  SAME—NEWLY DISCOVERED EVIDENCE—DILIGENCE.—A new trial on the ground of newly discovered evidence tending to show that the verdict was excessive was properly denied where no excuse was shown for not having produced the evidence at the trial. (Page 80.)

Appeal from Lonoke Circuit Court; *Eugene Lankford,* Judge; reversed in part.

*Carmichael, Brooks & Powers,* for appellants.

A livery stable keeper is not an insurer of the suitableness of a horse let to a customer. 73 Atl. 324. He is liable for damages only when he knows or should have known of the viciousness of the horse. 73 Atl. 324; Van Zile on Bail. § 125. The verdict is excessive. 87 Ark. 113; 82 Ark. 61. A new trial should have been granted. 66 Ark. 612; 21 Ark. 232.

*James B. Gray, Thomas C. Trimble, Joe T. Robinson* and
*Thomas C. Trimble, Jr.,* for appellee.

An allegation not denied must be taken as true.    13 Barb.
103.    A motion for new trial based on newly discovered evi-
dence must be construed with great strictness.    26 Tex. 217;
40 S. W. 619.    Evidence which merely tends to impeach one's
adversary or his witnesses will not avail as a ground for new
trial.    47 Ark. 196; 28 Ark. 531; 53 Ark. 200; 36 Ark. 260;
38 Ark. 498; 45 Ark. 328; 85 Ark. 488; 72 Ark. 404; 36 Ark.
260; 38 Ark. 498; 39 Ark. 221; 40 Ark. 445; 47 Ark. 196;
90 Ark. 435.

McCULLOCH, C. J.    Appellants, Dickie & Goelzer, are liv-
erymen in the town of England, Lonoke County.    Appellee
Henderson sued them to recover damages for alleged negli-
gence in hiring to him for use a vicious or unbroken horse.
He recovered judgment below for damages in the sum  of
$1,500, and a reversal of the case is sought on the ground
that the evidence is not sufficient to sustain the verdict.

There is ample evidence to justify a finding that the horse
that appellants hired to appellee ran away with him and in-
jured him; but it is insisted that there is no evidence tending
to show that appellants knew of the vicious tendencies of the
horse, or failed to exercise diligence in discovering the horse's
condition.    After careful consideration of the matter, we are
of the opinion that there is sufficient evidence to warrant the
jury in finding that appellants were guilty of negligence, either
in failing to discover the vice or lack of training of the animal,
or in hiring to appellee a horse which was not suitable for use.

Appellee asked for a gentle horse, and was given one which
ran away with him as soon as he started on his journey, and
seriously injured him.    The horse's actions, as soon as he was
driven out of the barn (according to the statements of ap-
pellee and his witnesses), showed that he was without train-
ing, and was not a gentle horse.    Other witnesses who had tried
to purchase the horse from appellants for saddle purposes testi-
fied that they tried to ride him, and that his actions on the
occasion showed that he was unbroken, at least to the saddle,
and, as they expressed it, that he was not "bridlewise."    It is
true these witnesses did not attempt to drive the animal, but
the fact that the horse was shown to be entirely lacking in

training for the saddle, and was not bridlewise when so used, had some tendency to establish the fact that the horse was not a trained horse, and could not be deemed a gentle horse, such as appellee had asked for when he went to hire one. Appellee testified that a few weeks after he received the injury both of the appellants, on different occasions, admitted to him that they had made a mistake in giving him a wild horse, instead of a gentle one. The testimony on this point is conflicting, but we think it made a question for the jury to determine, and that the verdict should not be disturbed.

The motion for new trial, filed during the term in which the judgment was rendered, raised only the question of the sufficiency of the evidence, no other error being assigned. At the next term of court another motion for new trial was presented, on the ground of newly discovered evidence. On the hearing of this motion, the court did not grant a new trial, but found that the judgment was excessive, and made an order reducing it from $1,500 down to $750. Both parties took an appeal from that order—one from the refusal of the court to grant a new trial and the other from the order of the court reducing the judgment.

We are of the opinion that the court erred, and exceeded its powers, in reducing the judgment. No question was raised in the first motion for new trial as to the excessiveness of the damages. The judgment was final, and passed beyond the control of the court when the term ended, save as to the right of the party to move for a new trial upon the discovery of new evidence. The power of the court was limited on the hearing of this motion to the granting or refusing of a new trial; it had no power to modify the judgment. If it be conceded that the court had the power (which we do not decide) to require the successful party either to submit to a new trial or enter a remittitur, that was not done. No such alternative was presented to the successful party. The court simply made an order reducing the amount of the judgment, and requiring the successful party to enter a remittitur.

The alleged newly discovered evidence related principally to the excessiveness of the verdict. On the trial of the case the evidence was amply sufficient to sustain the amount of damages assessed by the jury, basing it entirely on the physical

injuries and the suffering which resulted therefrom. The newly discovered evidence on this issue tended in some degree to contradict appellee's contention that he was deprived by the injury of an opportunity to perform services for another under a contract. We are of the opinion, however, that appellants have not shown sufficient reason for having the verdict set aside on account of the discovery of the evidence. They were sufficiently apprised in the complaint that appellee would introduce the evidence which they now seek an opportunity to rebut, and they should have prepared themselves for the trial.

No error was committed in refusing to grant a new trial on account of the discovery of this evidence, and the ruling of the court does not call for a reversal on that point. But the order of the court reducing the judgment is reversed and set aside, and the judgment rendered on the verdict for $1,500 is affirmed.