CHICAGO, INDIANAPOLIS AND LOUISVILLE RAILWAY COMPANY *v.* YOUNGER.

[No. 13,851. Filed March 25, 1931. Rehearing denied June 19, 1931. Transfer denied October 30, 1931.]

*Harker & Irwin*, *C. C. Hine* and *Cope J. Hanley*, for appellant.

*Paul E. Laymon*, for appellee.

LOCKYEAR, C. J.—Appellee brought this action against appellant under the federal Employer's Liability Act (45 USCA §§51-59), alleging negligence upon the part of appellant in furnishing appellee a defective jack for use while he was employed by appellant as a section hand on appellant's railroad, where he was injured while using the jack in repairing appellant's track.

The complaint alleges that he, together with other workmen, under the order, direction and supervision of the foreman in charge, was engaged in raising appellant's tracks and removing old ties and replacing them with new ones; that the appellee placed a jack, which was furnished him by appellant's agent, under one of the rails of appellant's tracks and started to raise the track by the use of a large crowbar which appellant furnished him to use as a handle in said jack. The foreman directed the appellee to hold and operate the crowbar, and other employees were directed to operate the clutches in the jack. That said jack was defective in this: It was an old and worn-out jack, rusted, and the latches had been hammered and did not latch and

failed to operate, in that the latches did not hold or hook properly, and thereby caused the handle, which appellee had hold of, to fall suddenly on appellee's foot, thereby crushing and bruising the foot, for which he prayed damages.

There was a trial by jury, which resulted in a verdict against appellant for $1,250, for which amount judgment was rendered in favor of appellee. A motion for a new trial was filed on the grounds that the verdict of the jury is not sustained by sufficient evidence and is contrary to law; that the damages assessed by the jury are excessive; that the court erred in giving certain instructions and in refusing to give certain instructions tendered by appellant. The court overruled the motion for a new trial, which ruling of the court is assigned as error in this appeal.

Appellee testified to facts, in substance, as alleged in the complaint: That he had not worked the latches on the jack before the accident, but that he had worked the crowbar up and down; that he knew no defects in the jack and no one had ever told him it was a tricky jack; that the jack was about two feet high, weighed about 60 pounds; that the crowbar weighed about 10 pounds; that he had, on former occasions, tried to work the jack, but could not do it; that the other men knew how to work the latches, but he did not; that the weight on the jack was about five tons.

John Gerald testified that he was the man who operated the latches on the jack while the appellee worked the lever; Gerald loosened the latches and the jack failed to catch in the next notch, and the jack slipped down so quickly that it jerked the handle out of the hands of appellee, causing it to fall on his foot. Gerald also testified that the latches had been hammered to make them work properly.

There was no dispute but that the jack was out of

repair. There is some conflict in the evidence as to whether the appellee knew of the defect in the jack.

The issues in this case were covered by the following instructions given by the court on its own motion: In instruction No. 2, the court said: "Under the doctrine of assumed risk, if you should find from a preponderance of all the evidence that, at the time and place alleged in the complaint, the jack was defective and that the plaintiff knew that the jack he was using was defective and, with such knowledge, the plaintiff continued to use such jack, then the plaintiff must be held to have assumed the risk of being injured by reason of said defective jack, and your verdict in such case should be for the defendant, unless you should further find that the plaintiff was acting under a special order as hereinafter defined."

Instruction No. 3 is as follows: "If you should find, however, that the plaintiff was injured while engaged in the act of obeying a special order or a direct command of the section foreman to the plaintiff to do the particular thing at which the plaintiff was engaged at the time of the alleged injury, in such case plaintiff will not be held to have assumed the risk, unless you should further find that the known danger from the defective jack, if any, was so great and imminent that a reasonably prudent person would not assume such danger."

Instruction No. 11 is as follows: "If you should find from the evidence, by a preponderance thereof, that the jack which was being used by the plaintiff at the time of the alleged injury was of such simple construction that the alleged defects therein, if any, were open and obvious, and were known to the plaintiff, or, in the exercise of ordinary care, could have been discovered by the plaintiff without his possessing any special skill and knowledge and without intricate

inspection, then plaintiff is chargeable with notice of any alleged defects in the jack, and if he attempted to use it with such knowledge or means of knowledge and was injured by reason of said defects, he assumed the risk thereof and cannot recover, and if you so find, your verdict should be for the defendant, unless you should likewise find that plaintiff was acting under a special order or direct command as elsewhere defined in these instructions."

We are of the opinion that the above instructions correctly stated the law pertaining to the questions involved in this case. We have examined the instructions requested by the appellant, and are of the opinion that the instructions given by the court are as full and complete as the ones tendered by the appellant, and, therefore, no error was committed in refusing to give instructions requested by the appellant.

The appellant contends that the jack in question belongs to the class known as a "simple tool," as defined in the case of *Pennsylvania R. Co.* v. *Martin* (1930), *ante* 258, 170 N. E. 554, wherein it was held that a pick used by a section hand is a simple tool. We call attention to the law concerning injuries from simple tools as laid down in that case. The facts of that case are readily distinguished from the facts of this case. The construction of this jack with latches which must be operated by one man while another operated the lever certainly takes it out of the simple-tool class. See the following cases which hold this view: *Dalhoff Construction Co.* v. *Luntzel* (1907), 82 Ark. 82, 100 S. W. 743; *Louisville, etc., R. Co.* v. *Armstrong* (1910), 137 Ky. 146, 125 S. W. 276; *Louisville, etc., R. Co.* v. *Spatig* (1914), 158 Ky. 263, 164 S. W. 811; *McAllister* v. *Rock Fork Coal Co.* (1912), 45 Mont. 433, 123 Pac. 696; *Corbett* v. *New York Central R. Co.*

(1912), 151 App. Div. 159, 135 N. Y. Supp. 137; Thompson, Negligence 4664; *Railway Co.* v. *Puckett* (1901), 62 Kans. 770, 64 Pac. 631.

There are cases which hold that, under some circumstances, it is not the duty of the employer to inspect a jack where the employee was himself in full charge of the tools he was using and could have known the defect. *Sheltrown* v. *Michigan Central R. Co.* (1928), 245 Mich. 58, 222 N. W. 163.

The employee has a right to rely upon the superior knowledge and experience of a gang foreman, and the employee is not held to have assumed the risk unless the danger is so obvious that an ordinarily prudent person would have discovered and appreciated it. *Tecza* v. *Sulzberger & Sons Co.* (1914), 92 Kans. 97, 140 Pac. 105; *McMullen* v. *Railway Co.* (1920), 107 Kans. 274, 191 Pac. 306; *Ervine* v. *Telephone Co.* (1913), 173 Mo. App. 508; *Smith* v. *Railroad Co.* (1920), 108 Kans. 151, 194 Pac. 318.

In *Dalhoff Construction Co.* v. *Luntzel, supra,* the workman was taking out old ties and putting in new; it was necessary to use a jack to raise the steel rail; the jack was old and had become worn so that it would often slip on account of a slight jar and lose its hold. The attention of the foreman had been called to the defective condition of the jack and a new one had been ordered. The foreman directed the workman to continue his work with the old one until the arrival of the new one and assured him that, with proper care, it was safe to do so. The negligence charged consisted in failing to provide safe tools for the workman. The railroad company was held liable for injury caused to the workman's foot, where the workman was injured on account of the defective jack.

The evidence in the case before us most favorable to the appellee, which the jury had the right to believe,

is sufficient to support the conclusions that the jack was defective; that appellee's duty was simply to operate the lever and not the jack, as a whole, but the complicated part was being operated at the hands of another workman; the part that was out of repair was the part of which appellee was ignorant and of which he was not in control. All these questions were for the jury to decide, under instructions which we hold correctly state the law. We find no reversible error in the record.

Judgment affirmed.