WOOD v. CHICAGO AND ERIE RAILROAD COMPANY.

[No. 14,197.   Filed November 4, 1931.]

Samuel E. Cook, Arthur D. Sayler and E. E. Eikenbary, for appellant.

Fred H. Bowers, Milo N. Feightner and Lee M. Bowers, for appellee.

LOCKYEAR, J.—The complaint in this action is for damages for personal injuries under the federal Employers' Liability Act, wherein it is alleged the appellant was in the employ of the appellee as a section hand and at the time of the injury complained of was working on a railroad bridge of the appellee, engaged with other employees in removing cross-ties from under the steel rails of the railroad. In doing this work, it was necessary to raise the rails by means of a jack furnished by the appellee. The jack was constructed with teeth and a ratchet which were enclosed and not visible to the appellant; that appellee had negligently allowed said jack to become out of repair, in this, that said teeth had become worn and smooth and would not hold said click; that said click had become so loose, worn and defective that it would not hold the weight of the track but allowed it to slip and fall. The complaint further alleges that the track was raised with the jack, and appellant started to let the track down and that, on account of the defective condition of the jack, it slipped and gave the lever of the jack a sudden jerk, and knocked the appellant off the bridge on which he was working and severely injured him, without any fault or negligence on his part. The cause was submitted to a jury for trial.

The appellant introduced evidence in support of his complaint, and, at the close of the plaintiff's evidence, the appellee filed a motion requesting the court to instruct the jury to return a verdict for the appellee, which motion was sustained and the court instructed the jury to return a verdict for the appellee, which was done. The appellant excepted to the action of the court in giving said instruction, and the action of the court is properly assigned as error in this appeal.

The appellant testified: "The defendant had a jack and other tools and the gang went to Tocsin, 19 or 20

miles east of Huntington on a gasoline car to repair a bridge; Lewis Coats was the foreman and was along; the bridge was 25 or 30 feet long with two tracks over it; the girders rest on the abutments and ties rest on the girders; the crossties were about 3 or 4 inches apart and 8 feet long and extended beyond the rail 18 inches; the bridge was 14 feet and 9 inches above the creek or ground below; a small stream ran around the abutment."

He further testified that: Homer Franks was his helper, that the ties were first trimmed to fit the bridge and 8 or 9 were replaced; the plaintiff and Franks worked together and Irey and Anderson together; there was a scaffold on the south track and he said none was needed for a small job like that and witness told him it looked pretty dangerous and the foreman said nothing; the jack was placed on the inside of the rail (being the south one) ; the foreman was standing on the west end of the bridge and he told us to put it on the outside of the rail, it was against the rules of the company to put it on the inside of the rail; there was a foot on the lower end of the stem of the jack which was placed on the girder and under the rail; placing the jack on the outside of the rail threw the lever or crowbar out [south] over the edge of the bridge; this handle or bar was about 5 feet long and the south end of the ties was 18 inches from the south rail; the end of this bar or handle was about 4 and one-half feet beyond the south end of the ties; they took hold of the bar, and lifted the ties and rail up by reaching out over the rail and putting the left foot on the guard rail (or ribbon) and the other on the inside of the rail; there was a catch or click in the jack which caught as it was raised up; it was raised about 8 inches, the old ties were taken out and new ones put in; in preparing to let it down, witness took hold of the lever and Franks handled the latch; witness waited

until he said "all right" and when he released it, witness went down; the track went clear down and the jack went out against the rail and the crowbar went down ahead of witness; witness fell down on his spine, sitting up on his spine; there was a little creek there and witness landed on the base of his spine and his right foot.

The complaint charges negligence that, on the south side of the bridge where appellant was required to work, there was not space enough for appellant to stand and operate a jack, and that the appellant was ordered to place the jack on the outside of the rail instead of the inside of the rail, where the appellant would have been safe, and would have had a safe place to work and would not have been thrown from the bridge and injured.

The salient facts are similar in many respects to the case of *Chicago, etc., R. Co.* v. *Younger* (1931), *ante* 276, 175 N. E. 290, decided by this court, wherein a judgment was affirmed against a railroad company on account of negligence in furnishing a defective jack to its employees. That case makes a distinction between a jack such as was used in this case and a simple tool like a pick, an ax or a ladder. We, therefore, call attention to our opinion in that case and the cases cited in support thereof.

In this case, there is the other element of negligence alleged, and evidence introduced in support thereof, that the place where appellant was required to work was not safe. Whether it was or not was a question of fact for the jury.

The judgment is reversed, with instructions to grant a new trial.