MILLER *v.* JOHNSON.

Opinion delivered December 21, 1931.

1072

1073

*Joseph Morrison,* for appellant.

*John W. Moncrief* and *Sam. T.,* and *Donald Poe,* for appellee.

KIRBY, J., (after stating the facts). Appellant insists for reversal that the evidence was not legally sufficient to support the verdict; that the court erred in not granting him a new trial because of newly-discovered evidence; and also in allowing appellee to take a nonsuit as against the alleged operator of the motordrome.

The evidence is undisputed that the appellant, the holder of the exclusive concession for furnishing amusements to the fair, permitted Puryear, for 25 per cent. of

1074

the gross receipts, to bring his amusement contrivance, the motordrome owned and operated by him, into the grounds with the other features and attractions of appellant's shows, devices and contrivances for affording amusement to the public, all advertised as the Ralph R. Miller Shows, and the operators in the grounds, as well as the performers, wore uniforms with the words Ralph R. Miller Shows on the back. That the tickets for admission to this device were furnished by the Ralph R. Miller Shows and had the name printed thereon.

That appellee, a patron of the show, stepped on the platform and was standing thereon watching the performance within the motordrome when the plank broke, because of the defect or knot near the end thereof, allowing her to fall to the pavement 10 or 12 feet below, a young man falling through striking her, resulting in painful and severe injuries. There was no opportunity afforded appellee to discover the defective condition of the plank, which was painted on the top side and put into the platform upon which the patrons were to stand in order to observe the performance inside the drome. The defective condition could easily have been discovered by the employees in charge of the erection of the platform, the plank not being painted on the under side, and no care whatever was shown to have been exercised by appellant, whose duty it was to use ordinary care to see that the device or contrivance, which he had employed from the owner, was reasonably safe for the patrons invited by him to use it.

It is insisted by appellant that he had no proprietary interest in the motordrome, and had nothing to do with the manner of its operation, and that therefore he was under no duty to those who patronized the attraction, and that Puryear, the owner of the contrivance, was an independent contractor for whose negligence he should not be held responsible. He allowed the owner of this contrivance, however, to erect and operate it for 25 per cent. of the gross receipts among the other contrivances, attractions and amusement devices upon the grounds for

which he held the exclusive concession for furnishing amusements to the people visiting the fair, inviting the patrons to make use of this device the same as the others exhibited and of which he was the owner, and he was bound to the exercise of ordinary care to see that the devices operated were reasonably safe for the purpose for which the public was invited to use them. *Hartman* v. *Tenn. State Fair Assn,* 134 Tenn. 149, 183 ·S. W. 733, Ann. Cas. 1917D, 931.

In 22 A. L. R., page 620, the annotation states: "The weight of authority is to the effect that the proprietor or manager of a place of amusement owes a duty to the public who are invited there to exercise reasonable care to see that the premises are safe and are kept in a safe condition, and that, if he does not discharge the duty, he may be held liable for injury to a patron, although the exhibition, or performance, or act which resulted in the injury is that of a concessioner, independent contractor, or other third person."

The injury occurred in Oklahoma, and the actionable quality of the acts causing it is to be determined by reference to the *lex loci,* rather than the *lex fori.* 5 R. C. L. 1038, § 129; *Tulsa Entertainment Co.* v. *Greenlees,* 85 Okla. 13, 205 Pac. 179, 22 A. L. R. 602.

The injury here was not caused by the *personal* negligence of the owner or independent contractor, but resulted from the defective condition of the amusement apparatus. Appellant, having the exclusive right to furnish amusements on the grounds and the selection of the kinds of attractions and their operators, cannot excuse himself from liability for failure to exercise ordinary care to have and keep the equipment or apparatus operated for amusement purposes reasonably safe for the patrons and visitors by contending that the device belonged to an independent contractor who alone was responsible for negligence in supplying and operating the device or contrivance.

Appellant made no application for a continuance upon discovery that Puryear, the owner of the motor-

drome who had been sued along with him, was not present at the trial, and he necessarily knew at the time of going to trial what the testimony, now claimed to be newly discovered, would be, since he testified of the facts himself relating to said witness being an independent contractor. This testimony would have been only cumulative in any event, and the court did not abuse its discretion in denying the motion for a new trial on account of alleged newly-discovered evidence.

In our view of the law, appellee could recover of appellant herein without regard to any rights and liabilities existing between appellant and his codefendant, and, since he asked no relief by cross complaint against his codefendant, the plaintiff, appellee could dismiss his action against Puryear, as was done herein, and the court did not err in allowing it to be done.

We find no error in the record, and the judgment is affirmed.