BARTON-MANSFIELD COMPANY *v.* RICHARDSON.

4-3779

Opinion delivered March 18, 1935.

*Beloate & Beloate,* for appellant.

*S. L. Richardson,* for appellees.

MEHAFFY, J. The appellant, Barton-Mansfield Company, brought suit in the Lawrence Circuit Court against appellees, Roy and Katherine Richardson, to enforce a materialman's lien on lots 1 and 2, block 55, Gibson & Boas Addition to Hoxie, Arkansas. A lien had been filed within the time allowed by law.

On motion of the appellees, the case was transferred to chancery court, and appellees filed answer and cross-complaint. On June 1, 1934, a decree was entered in favor of the appellant against the appellees for the sum of $37.50, together with costs, including $25 for appellant's attorney, to be taxed as costs. A lien was declared on the above-described property, and if the amount found to be due was not paid, said property should be sold. Appellant then filed motion for a new trial on the ground of newly-discovered evidence.

The law does not provide for motion for a new trial in chancery cases, but we have frequently held that a mo-

tion for a new trial for newly-discovered evidence is addressed to the sound discretion of the trial court, and this is especially true in a chancery case where the chancellor himself passes on the evidence. *Forsgren* v. *Massey,* 185 Ark. 90, 46 S. W. (2d) 20.

Moreover, the evidence claimed to have been discovered was cumulative, and was known or could have been known by the exercise of reasonable diligence before the trial. *Miller* v. *Johnson,* 184 Ark. 1071, 45 S. W. (2d) 41; *State use Calhoun County* v. *Poole,* 185 Ark. 370, 47 S. W. (2d) 590.

The appellees filed a counterclaim and insist that it should be allowed because § 1205 of Crawford & Moses' Digest requires that there be a reply, and it is argued that, if there is no reply then the counterclaim is considered true. Appellees also complain about the attorney's fees. It is, however, unnecessary to discuss these questions because the appellees did not appeal from the decree, and did not prosecute any cross-appeal. *Gordon* v. *Reeves,* 166 Ark. 601, 267 S. W. 133; *Cantley* v. *Edens, ante* p. 445; *First State Bank of Corning* v. *Gilchrist, ante* p. 356; *Turner* v. *Turner,* 44 Ark. 25.

It is true that we try chancery cases *de novo,* but we simply try the cases and questions that are here on appeal. If appellees desire any claim investigated, and seek the reversal of the lower court on this claim, it is necessary either to prosecute an appeal or take a cross-appeal.

The statute provides: "The appellee at any time before trial, by an entry upon the records of the Supreme Court, may pray and obtain a cross-appeal against the appellant or any co-appellee in whose favor any question is decided prejudicial to such party." Section 2166 of Crawford & Moses' Digest.

The evidence is in conflict as to appellees' account and the payments made by him, and it is purely a question of fact, and, since we cannot say that the finding of the chancellor is against the preponderance of the evidence, the decree must be affirmed. It is so ordered.

BAKER, J., disqualified and not participating.