BEATTY *v.* PILCHER.

4-9283

235 S. W. 2d 40

Opinion delivered December 18, 1950.

Rehearing denied January 22, 1951.

*Bernard Whetstone,* for appellant.

*Surrey E. Gilliam,* for appellee.

ED. F. McFADDIN, Justice.   This is an appeal from a judgment based on a jury verdict awarding Mr. and Mrs. Pilcher (appellees) damages because of injuries which she sustained when a section of the seats collapsed at a performance of appellant's[1] circus in El Dorado in 1947.

Mrs. Pilcher, accompanied by her small son, went to the circus as a paying patron; and was assigned to a seat located five rows from the top in the reserved seat section.   As other patrons took seats in that section, the platform boards—on which the chairs rested—began to make cracking and popping sounds.   Patrons became apprehensive that the section might collapse, but the usher repeatedly assured them that it was safe.   Relying on such assurances, Mrs. Pilcher remained in her seat; in a few minutes the section collapsed, and she received the injuries which caused this litigation.   Her son was unharmed.

The appellant urges a number of grounds for reversal which we find unnecessary to discuss in detail. Briefly we mention:

(1)—The matter of the defendant having liability insurance slipped into the case by inadvertence when one witness was being questioned; but the trial court promptly cautioned the jury against consideration of such answer, and such caution by the Court eliminated the error. See *Neely* v. *Goldberg,* 195 Ark. 790, 114 S. W. 2d 455, and *Malco Theatres* v. *McLain,* 196 Ark. 188, 117 S. W. 2d 45.

(2)—The trial court did not abuse its discretion in limiting the defendant in the cross-examination of Dr. Murphy—when he was recalled—to the particular point

---

[1] Originally a number of parties were listed as defendants, but the only one remaining at the time of the trial below was Standard Circus Corporation.   It is the only appellant here, but we have styled the opinion just as the attorneys had the case listed in the briefs.

on which the defendant had reserved the right to recall the doctor. See *Shinn* v. *State*, 150 Ark. 215, 234 S. W. 636, and *McCord* v. *Bailey*, 195 Ark. 862, 114 S. W. 2d 840.

(3)—The trial court did not abuse its discretion in refusing a new trial on the ground of alleged newly discovered evidence. See *Dickie* v. *Henderson*, 95 Ark. 78, 128 S. W. 561; *Citrus Products Co.* v. *Tankersley*, 185 Ark. 965, 50 S. W. 2d 582; and *Turner* v. *Richardson*, 188 Ark. 470, 65 S. W. 2d 1071.

(4)—The evidence was sufficient to support the verdict. It seems to be conceded (a) that the seats collapsed; (b) that Mrs. Pilcher, a paying guest, received injuries; and (c) that the usher gave assurances of safety. Mrs. Pilcher's contributory negligence was a question for the jury, as is hereinafter discussed. There was evidence from which the jury could have found that the defendant was negligent in locating the posts of the section—which collapsed—on soft ground that contained holes. One of the officials of the circus testified:

"  .   .   .   it so happened that the supports under the ones (planks) of the section where Mrs. Pilcher was sitting were set up directly over this soft dirt; and the support finally gave way when the section became filled and the end of the platform just settled down; and as it did this, it caused the platform to become uneven, and the chair in which Mrs. Pilcher was sitting to turn over. The afternoon[2] crowd possibly was not large enough in this particular section to cause the ground to give way."

Having disposed, rather summarily, of four of appellant's contentions, we come to the points that merit more extended discussion. These relate to instructions and the amount of the verdict.

I. *Instructions.* The appellant insists that the Court, in effect, told the jury that Mrs. Pilcher could not be guilty of contributory negligence if she relied on the usher's assurance that the seats were safe; and appellant claims that the jury should have been allowed to deter-

---

[2] Mrs. Pilcher was injured at the night performance, when the crowd was larger than that at the afternoon performance.

mine whether Mrs. Pilcher was guilty of contributory negligence in remaining in her seat, even after the assurance of safety had been given. Appellant says:

" . . . appellant's theory of the law relating to the subject is covered almost entirely by one Arkansas case (*Bulman Furniture Co.* v. *Schmuck,* 175 Ark. 442, 299 S. W. 765, 55 A. L. R. 1039), which in itself almost completely supports every objection made by appellant to the giving of appellees' requested instructions and also the refusal to give most of appellant's requested instructions, . . ."

In *Bulman* v. *Schmuck,* 175 Ark. 442, 299 S. W. 765, 55 A. L. R. 1039, a householder purchased a stove from a merchant who agreed to install it. After the stove had been used a short time, the householder, observing that the wall behind the stove was scorched, concluded that the stove was too close to the wall for safety. The householder complained to the merchant, who agreed to move the stove, but the householder was also assured that the stove could be used without danger, even without such moving. In the face of the obvious danger, and while still believing it to be unsafe, the householder resumed the use of the stove without moving it; the wall became ignited and the house was destroyed by fire. In the action by the householder for damages for loss of the house, the trial court instructed the jury:

" 'You are instructed that, although you find from the evidence in this cause that plaintiffs at first believed the stove was so near to the wall as to be dangerous if used, yet, if you find that the plaintiffs relied upon the statements, if any, of the defendant, or its servants, that it was safe to use the stove in its position, then plaintiffs would not be guilty of contributory negligence by using it.' "

In holding the above quoted instruction to have been erroneous, Mr. Justice MEHAFFY, speaking for this Court, said:

"We therefore hold that it was improper to tell the jury as a matter of law that, if the appellees first be-

lieved the stove was so near the wall as to be dangerous if used, but that, if the plaintiffs relied on the statements of the defendant's servants, they were not guilty of contributory negligence. This was a question about which fair-minded men might differ, and it was therefore the court's duty to submit this question to the jury—the question of contributory negligence. If plaintiffs thought it was dangerous, and defendant's servants stated that it was safe, this raised a question of fact for the jury. And it was the duty of the court to let them determine from the evidence whether the plaintiffs were guilty of contributory negligence.''

From the foregoing, it is clear that the case of *Bulman* v. *Schmuck*[3] (*supra*) holds that a householder cannot, *in the face of obvious danger,* blindly rely on an assurance of safety, and thereby become entirely free of contributory negligence. The Bulman-Schmuck case—in regard to reliance on an assurance of safety—follows the same test that applies in master and servant cases, which is: if the servant, suspecting danger, demurs to the performance of the desired acts, and the master, to overcome the servant's hesitation, assures him that no danger exists, then the servant may rely on the assurance of safety, and be free of contributory negligence, *unless* the danger is obvious.[4]

We find no reported case involving a patron of a circus relying on an assurance of safety concerning seats.[5] Assuming, however, that the status of Mrs. Pil-

---

[3] The case of *Bulman* v. *Schmuck (supra)* is also reported in 55 A. L. R. 1039 and is followed by an Annotation: "Reliance on dealer's or manufacturer's assurance that article is not dangerous, as affecting question of contributory negligence."

[4] In *Dalhoff. Construction Co.* v. *Luntzel*, 82 Ark. 82, 100 S. W. 743, where the appellee was the servant, the Court stated the rule:

"Appellee had the right to rely, without being held to have assumed the risk, upon the assurance of his employer that it was safe to use the defective jack until the new one was supplied, and the danger was not so obvious that it can be said that he was guilty of contributory negligence in using it. *King-Ryder Lumber Co.* v. *Cochran*, 71 Ark. 55, 70 S. W. 606; *Fordyce* v. *Edwards*, 60 Ark. 438, 30 S. W. 758; Labatt on Master & Servant, § 302."

[5] In *Anderson* v. *Kansas City Baseball Club*, Mo. Sup., 231 S. W. 2d 170, there was involved a situation where a patron at a baseball game received an assurance of safety that she would not be hit by a ball, even though her seat was not protected by a screen. The

cher is identical with that of the householder in the case of *Bulman* v. *Schmuck* (*supra*), we examine the instructions in the case at bar to see if they contain the same vice as existed in *Bulman* v. *Schmuck* (*supra*). Plaintiff's Instruction No. 6 in the case at bar is the one of which appellant most seriously complains as eliminating contributory negligence. It reads:

"The jury are instructed that if you find from a preponderance of the evidence in this case, that at and just before the section of reserved seats fell and injured plaintiff, if you find same to be true, that the plaintiff herself, or others in her presence and hearing, called the attention of the employees of the defendant that the seats were popping and cracking and that the said employees of the defendant assured the plaintiff or others in her hearing that said seats were safe, or words to that effect, then you are told that the plaintiff had the right to rely on such assurances of safety, if you find same to be true." Appellant says this instruction, in using the words, "right to rely on such assurances of safety," entirely eliminated the defense of contributory negligence. In other words, appellant says that this instruction has the same vice as the Instruction No. 2—previously copied— in the Bulman-Schmuck case. But we do not agree with appellant's contention.

In the Bulman-Schmuck case the Court told the jury that the "plaintiffs would not be guilty of contributory negligence." Such language was a "binding instruction"[6] against the defense of contributory negligence; whereas, in the case at bar, the Court told the jury that the plaintiff had a "right to rely on such assurances of safety." This was not a binding instruction, because even in relying on the assurance of safety, the plaintiff

---

Supreme Court of Missouri held that the risk and hazards were so obvious—from the absence of a screen—that she could not rely on the assurance of safety and be free of negligence.

In Negligence Compensation Cases, Annotated, New Series, Vol. 1, P. 471, there is an Annotation: "Liability for injuries due to defective grandstands or bleachers." One of the cases cited in the Annotation is that of *Miller* v. *Johnson*, 184 Ark. 1071, 45 S. W. 2d 41.

[6] For discussion of the expression "binding instruction," see *Reynolds* v. *Ashabranner*, 212 Ark. 718, 207 S. W. 2d 304, and cases there cited.

could have been guilty of contributory negligence. Mrs. Pilcher could have relied on the fact that the usher believed he was then telling the truth when he gave her the assurance, and yet Mrs. Pilcher could have been guilty of contributory negligence in remaining in the section when other patrons crowded into it, as the evidence showed they did. Relying on an assurance of safety does not necessarily mean that one is thereby free of contributory negligence. In the Bulman-Schmuck case, this Court said:

"The fact, that they were assured of its (the stove's) safety by the defendant and relied on such assurance, would not entitle them to recover, if they knew of, and appreciated, the danger."

And in the same case this Court also said:

"If the plaintiffs believed it (the stove) to be unsafe, but relied on the statement of the defendant's servant, it would be a question for the jury to determine whether there was contributory negligence."

In the case at bar the trial court, in giving plaintiff's Instruction No. 6, definitely left to the jury for determination the issue of contributory negligence. In the Court's general instruction, the jury was told:

"The defendant in this case has interposed the defenses of contributory negligence and/or assumed risk; these are affirmative defenses, and the burden of proof is upon the defendant to prove by a preponderance of the evidence its defenses of contributory negligence and/or assumed risk, unless such defenses are established by the testimony introduced on behalf of the plaintiffs."

Then, in the plaintiff's Instruction No. 1, the Court, after telling of the essentials required to be established by the plaintiff to support a recovery, added this language:

" . . . and that said plaintiff was not herself guilty of contributory negligence, . . . "

And again, in plaintiff's Instruction No. 2, the Court, in telling the jury of the plaintiff's duty to show defendant guilty of causal and proximate negligence in the condition of the section, said:

" . . . that the same could have been discovered by a reasonable inspection thereof by the defendant, and that such conditions, if true, were not known to the plaintiff and that she was not herself guilty of contributory negligence, . . . "

Thus we conclude that the plaintiff's Instruction No. 6, when read with the Court's general instruction, and plaintiff's Instructions No. 1 and No. 2, submitted the defense of contributory negligence to the jury. We therefore conclude that the vice which existed in the instructions in the Bulman-Schmuck case does not exist in the instructions in the case at bar.

II. *Excessive Verdict.* The jury awarded Mr. Pilcher $1,000 as his damages for loss of conjugal services and for medical expenses he paid occasioned by his wife's injuries. Such award is not excessive. The jury awarded Mrs. Pilcher $7,500 for her injuries, physical pain, and mental anguish; and such award is claimed to be excessive. It would unduly prolong this opinion to detail the testimony relating to the injuries sustained by Mrs. Pilcher and her pain and suffering. According to objective symptoms, there is an entire absence of any permanent impairment. The majority of the Court has concluded that the verdict in her favor is grossly excessive by at least $2,500.

Therefore, if within fifteen juridical days, a remittitur of $2,500 be entered by Mrs. Pilcher, then the judgment as to her will be affirmed for $5,000. If such remittitur be not entered, the cause as to Mrs. Pilcher will be reversed and remanded for a new trial because of the excessive verdict.

Affirmed on condition of remittitur.

GEORGE ROSE SMITH, J., dissenting. Justice DUNAWAY and I think the court erred in giving instruction No. 6, quoted in the majority opinion. Regardless of the references to contributory negligence that were made in other instructions, a jury of laymen would naturally interpret the questioned instruction as an affirmative charge limiting the issue of fact to that of whether the

assurances of safety were given and whether Mrs. Pilcher really relied upon them. As the evidence was virtually undisputed on both these points we consider instruction No. 1 to have been in effect a peremptory charge for the plaintiff. It is our view that the court should have refused this instruction and should have given instead an instruction requested by the defendant, which would have told the jury that in spite of the assurances of safety the plaintiff was still required to exercise reasonable care in the circumstances—the assurances of safety of course being one of the circumstances to be considered.